THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
JARVIS B. GRIFFIN, PLAINTIFF IN ERROR.

Argued November 21, 1913—Decided March 16, 1914.

An indictment which presented that the defendant kept a place to
which persons "might resort" for gambling, with intent that such
persons "might resort" thither for gambling, &c., is valid under
section 65 of the Crimes act. *Comp. Stat., p.* 1766.

On error to the Supreme Court, whose opinion is reported
in *55 Vroom* 429.

For the plaintiff in error, *Bolte & Sooy.*

For the defendant in error, *Charles S. Moore,* prosecutor
of the pleas, and *Edmund Wilson,* attorney-general.

The opinion of the court was delivered by

WALKER, CHANCELLOR. The plaintiff in error was con-
victed in the Atlantic County Oyer and Terminer on an in-
dictment under section 65 of the Crimes act. *Comp. Stat., p.*
1766. The indictment contained three counts. The first
charged the defendant with maintaining a common law dis-
orderly house, and the second and third charged a violation
of section 65 of the Crimes act, *supra.* A disorderly house
at common law and the crime denounced in section 65 of the
Crimes act are entirely separate offences (*State* v. *Moore,* 46
*Vroom* 619, 621), but may be joined in the same indictment.
*Ibid.* 622. And, although separate offences, each contains at
least one element which is present in the other, namely,
gambling.

When the case of State *v.* Griffin was moved in the Atlantic
Oyer, counsel for the defendant objected to the trial
proceeding upon all three counts of the indictment and
moved to dismiss the second and third ones. The only
ground of the motion to dismiss which need be noticed here

is the one that objected that the two-counts were bad because they set forth that the defendant kept a house with intent that persons "might" resort thither for gambling, which did not bring it within the case of *State* v. *Ackerman, 33 Vroom* 456; and argument was made in the Supreme Court, and is renewed in this court, that the word "should" ought to have been used in the indictment to warrant a conviction, it being contended that the defendant was required to do something more than merely keep a place open for the accommodation of those who desired to gamble; that the statute means that the defendant must make some attempt actively to have people enter his place for the illegal purpose named, and that the mere fact that persons "might" resort there, if they so desired, was not sufficient.

This proposition was evidently inspired in the mind of counsel by the language used by Mr. Justice Dixon, speaking for the Supreme Court in the Ackerman case (33 *Vroom* 458), where he said:

"We think this indictment does not properly charge a violation of the act of 1894. Applying to that act the strict interpretation which statutes defining crimes should receive, its words, 'if any person shall keep a place to which persons may resort for betting,' do not import the keeping of a place to which it is *possible* for persons to resort for betting, nor the keeping of a place to which persons *do in fact* resort for betting. Their fair import is the keeping of a place with *the intent* that persons shall resort thither for betting. This intent of the keeper is essential to guilt. But in the common law offence of keeping a disorderly house, the intent of the keeper is not essential."

The act of 1894 (*Gen. Stat., p.* 1102), of which Mr. Justice Dixon spoke, was in all respects like section 65 of the present Crimes act, the latter being a consolidation and revision of sections 1, 2 and 3 of the act of 1894.

After argument upon the motion made to strike out the second and third counts, counsel for the state elected to try the defendant under the second count of the indictment only, although it appeared that that election would not necessarily

have had to be made until the close of the state's case. The trial judge thereupon held that the second count was valid, and defendant's counsel prayed an exception which was allowed and sealed. This distinctly raised the question whether the charge in the second count of the indictment (upon which the state stood), and which averred that the defendant kept a place to which persons "might" resort for gambling, &c., was bad, defendant's counsel's contention being that the only valid averment would be that the defendant kept a place to which persons "should" resort, &c.

It is said in the opinion of the Supreme Court that this objection was not made to the trial court, and consequently was not properly before that (supreme) court for consideration. In this regard the Supreme Court was mistaken, as shown above.

Counsel for defendant has entirely misconceived the meaning of the language used by Mr. Justice Dixon in State *v.* Ackerman. He was differentiating between an indictment for keeping a disorderly house at common law, in which intent is immaterial and need not be averred, and the crime denounced in the act of 1894 (now section 65 of the Crimes act), where intent is material and should be averred. In the Ackerman case the trouble was that the defendant was convicted on an indictment which charged the keeping of a disorderly house at common law, but was sentenced as for an offence under the act of April 26th, 1894, the offence proved being the keeping of a place for gambling, and gambling is an offence both at common law and under the statute mentioned. The conviction was set aside upon the ground, among others, that it could not be sustained under the act of 1894, because that act required that the offence should be committed *with intent,* which was not charged in the indictment. The very thing which Mr. Justice Dixon pointed out in the Ackerman case as being essential to an indictment under the Crimes act is averred in the indictment in the case at bar. It was with the question of intent that the Supreme Court dealt in that case and not with any form of the irregular auxiliary verbs "may," "might," "shall" or "should."

The verb "shall" usually denotes obligation. But it is not perceived how the keeper of a place to. which persons might resort for the commission of unlawful acts has ability to place any of the public under obligation to visit his house. There is another sense in which the verb "shall" is sometimes used, and that is to express a contingent future event. It was in this sense, beyond doubt, that it was employed in the collocation of words used by Mr. Justice Dixon. That is to say, it was used to express the idea that persons would be likely to resort to the place because of the invitation, express or implied, on the part of its keeper that they should so resort.

While the indictment under consideration would have been grammatically, and doubtless otherwise properly phrased, by an averment that the defendant kept a place to which persons "should resort," nevertheless it was grammatically and otherwise properly, that is, legally phrased, by charging that the defendant kept a place to which persons "might resort." The statute denounces as a crime the keeping of a place to which persons "may resort," &c., and when an indictment charges the commission of a crime under the act, as of past time, "might resort" is a better formula than "should resort," in which to aver a commission of the offence.

In *State* v. *Flynn,* 47 *Vroom* 473, the indictment, drawn under this same statute, charged one C. W. with keeping "a place to which persons might resort for gambling in a certain form," &c. No point was made that the verb "might" should not have been used, but that the verb "should" ought to have been employed. It is significant that the prosecutor of Middlesex in drawing an indictment under section 65 of the Crimes act used the verb phrase "might resort" as did also the prosecutor of Atlantic. And it is safe to say that all other prosecutors have done so. It is an entirely correct and legal formula.

In all other respects we are content with the opinion of the Supreme Court; and for the reasons there and here given the judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, MINTURN, BOGERT, VREDENBUBGH, CONGDON, WHITE, HEPPENHEIMER, JJ. 9.

*For reversal*—None.