STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
ANDREW TERRY. PLAINTIFF IN ERROR.

Argued November 21, 1917—Decided March 4, 1918.

1. Defendant was indicted and tried for keeping a disorderly house under section 65 of the Crimes act (*Comp. Stat.*, *p.* 1766), the pertinent part of which provides that any person who shall habitually, or otherwise, keep a place to which persons may resort for gambling in any form, or aiding, abetting or assisting therein, shall be guilty of a misdemeanor, requires that a person charged, in order to be guilty, must have kept the place with intent that persons might resort there for gambling. This differs from the case of an indictment for keeping a disorderly house at common law, where intent is immaterial.

2. On trial of a defendant on an indictment under section 65 of the Crimes act, a charge to the jury by the trial judge that if defendant knew that gambling was going on in the place of which he was lessee he is guilty; that it is not necessary that he be present when the offence is committed if he had actual knowledge thereof; that it is the keeping of the place to which persons may resort for gambling in any form which constitutes the offence with which defendant is charged, and he could keep the place if he employed others to manage or run it for him during his absence—is not an instruction that the defendant must have kept the place with *intent* that persons might resort there for gambling. Knowledge is not enough under this statute. It must be coupled with *intent*, to render the keeper of the house guilty.

3. While one in possession of certain premises may know that gambling is going on there, nevertheless he may not have intended that persons might resort to the place for such purpose.

4. Where counsel, in summing up to the jury, goes outside of the testimony and makes appeals based upon facts which have not been proved but rest upon his unsupported assertions, the party injuriously affected must, in order to be relieved, move the trial judge to order the remarks stricken out and to charge the jury that they be disregarded; and objection only to the illegal remarks does not require the trial judge to strike them out of his own motion, and unless counsel requests their elimination no ground for review is laid.

On writ of error to the Supreme Court, whose opinion is reported in 89 *N. J. L.* 522.

For the plaintiff in error, *Eugene G. Schwinghammer* and *Charles C. Babcock*.

For the state, *Charles S. Moore, Jr.*, prosecutor, and *William Elmer Brown, Jr.*, assistant prosecutor of the pleas.

The opinion of the court was delivered by

WALKER, CHANCELLOR.   Two separate indictments for keeping and maintaining a disorderly house were found against the plaintiff in error by the grand jury of Atlantic county.   By agreement both cases were tried together.   The defendant was convicted in both.   The judgment entered upon these convictions were removed into the Supreme Court by writs of error, and there affirmed.   Those judgments of the Supreme Court were then removed into this court by writs of errors and have been here argued together.

We are in agreement with the Supreme Court, which found no error in the cross-examination of the witness Kyte, nor in the examination of the witness Baker.   We disagree, however, with the finding of the Supreme Court that there was no error injurious to the defendant in the charge of the trial judge.

The indictments contained three counts each.   The first one charged the common law offence of keeping a disorderly house; the second a violation of the sixty-fifth section of the Crimes act (*Comp. Stat., p.* 1766), and the third, also, the difference between the second and third being that the second charged an habitual keeping of such disorderly house, and the third of such keeping on particular days.   At the close of the state's case the prosecutor of the pleas elected to stand upon the second count of each indictment.   The pertinent part of the section of the Crimes act therein alleged to have been violated provides that any person who shall habitually or otherwise keep a place to which persons may resort for gambling in any form, or aiding, abetting or assisting therein, shall be guilty of a misdemeanor.   An indictment under this act differs from that of keeping a disorderly house at common law; in that, under the statute, a person charged, in order to be guilty, must have kept the place with intent that persons might resort

there for gambling; while in the case of a disorderly house at common law intent is immaterial. *State* v. *Ackerman,* 62 *N. J. L.* 456, 459.

Intent is properly averred in the indictments under review. The question is, Was it properly charged to the traverse jury by the trial judge?

The Supreme Court said on this score, that, reading the charge as a whole, it is apparent that the judge made it plain to the jury that knowledge by the defendant and intent that persons should resort to his place for gambling, was essential to guilt. We do not think so. What the trial judge said was:

"I instruct you that if defendant, being the lessee of 1139 Baltic avenue and of 202 North Chalfonte avenue, knew that gambling was going on in either, or both, places, he is guilty as to the place or places to which his knowledge extended. It is not necessary that he be present when the offence is committed, if he had actual knowledge thereof. It is the keeping of the place to which persons may resort for gambling in any form which constitutes the offence with which Terry is charged, and he could keep either, or both, places if he employed others to manage or run the places for him during his absence."

This, it will be observed, falls far short of an instruction that the defendant must have kept the place or places with intent that persons might resort to one or both for gambling. Knowledge is not enough under this statute. It must be coupled with intent to render the keeper of the house guilty. There is an exception in the record to this part of the charge as delivered.

Section 65 of the present Crimes act is in all respects like the provisions of the act of 1894 (*Gen. Stat., p.* 1102; *State* v. *Griffin,* 85 *N. J. L.* 613, 614), which the Supreme Court construed, speaking by Mr. Justice Dixon, in *State* v. *Ackerman,* 62 *Id.* 456, and said (at *p.* 458) that the words of the statute fairly imported the keeping of a place *with intent* that persons should resort thereto for betting, and that this *intent* of the keeper is essential to guilt. *State* v. Ackerman was ap-

provingly cited by this court in *State* v. *Griffin, supra.* It is quite obvious, we think, that one in possession of certain premises may know that gambling is going on there without having intended that persons might resort to the place for such purpose. The charge in this respect, as delivered, was obviously prejudicial to the defendant.

Another alleged error in the proceeding which requires notice is because the prosecutor in the course of his argument to the jury made certain statements and observations which are alleged to have been unwarranted and prejudicial to the defendant. The argument was objected to by counsel for defendant, but without any request to the court for proper instruction to the jury regarding it.

Counsel for the state seek to justify the remarks made under the ruling in *State* v. *Baker,* 68 *N. J. L.* 19, 27, and *State* v. *Lang,* 75 *Id.* 1, 17, which hold that where counsel in his summing up to the jury confines himself to the evidence, what is said in his discussion by way of comment, denunciation or appeal, affords no ground of exception; that within the four corners of the evidence counsel shall be given the widest latitude.

On this question the Supreme Court observed that it found no error requiring reversal in the remarks of the prosecutor of the pleas in his summing up to the jury. We find it unnecessary to decide this question between the state and the defendant, because it is not raised in the record in such a way as to require adjudication. What occurred was this: After the case was closed, and before the trial judge charged the jury, counsel for the defendant objected to certain conduct of the prosecutor of the pleas in the case. This was vague and indefinite, but a stipulation is printed in the record whereby it is agreed that the prosecutor in his final argument to the jury made certain statements, which were objected to, and which, concededly, was that argument to which defendant's counsel objected. The trial judge observed that he thought it was matter for argument; whereupon defendant's counsel prayed a bill of exceptions, which was allowed and sealed. The prosecutor then made a general observation, which it seems went outside of the case, but was apparently harmless.

To this counsel for defendant objected and prayed a bill of exceptions, which was allowed and sealed. But counsel did not move the trial judge to direct the jury to disregard the remarks of the prosecutor, which he might, and should have done, if he desired them stricken out.

There is an analogy between the statements of counsel in summing up to the jury and the illegal testimony of witnessess to which timely objection is not made. In the latter class of cases if an illegal question is asked and answered so promptly that no opportunity for objection is afforded, proper practice requires not only objection thereto but a motion to strike it out. *State* v. *Hummer, 73 N. J. L.* 714, 717. See, also, *State* v. *Murphy,* 87 *Id.* 515, 523. Simply praying an exception, without more, would leave the objectionable testimony in the case.

And there is analogy in this also, that where evidence in a given case is competent upon one ground, but illegal upon another, the party injuriously affected by its illegal aspect must request the court to limit the effect of the testimony to its legitimate use, or else it is not reviewable on error. *Hill* v. *Maxwell, 77 N. J. L.* 766.

The rule in this state, undoubtedly, is, that where counsel, in summing up to the jury, goes outside of the testimony and makes appeals based upon facts which have not been proved, but rest upon his unsupported assertions, the party injuriously affected must, in order to be relieved, move the trial judge to order the remarks stricken out and to charge the jury that they should be disregarded; an objection only to the illegal remarks does not require the trial judge to strike them out of his own motion, and unless counsel requests their elimination no ground for review is laid.

Because of the error in the charge above pointed out in relation to the question of intent, the judgment must be reversed, to the end that a new trial may be had.

*For affirmance*—HEPPENHEIMER, WILLIAMS, JJ.   2.

*For reversal*—THE CHANCELLOR, GARRISON, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, WHITE, JJ.   8.