Essex County Court of Quarter Sessions.

THE STATE OF NEW JERSEY v. NICHOLAS DeFALCO, ALIAS MICKEY BELMONT, AND JOSEPH ALF BARONE, ALIAS BUCK JOSEPH.

Decided January 30, 1947.

For the state, *Duane E. Minard, Jr., Maurice J. McKeown* and *C. William Caruso.*

For the defendants, *Anthony A. Calandra* and *William V. Azzoli.*

HARTSHORNE, J. Defendants were convicted on an indictment which charged that they "did keep a place to which persons might resort for gambling, with intent that such persons might resort thither for gambling * * *." They sued out a writ of error to review such conviction, and now apply for a certificate of reasonable doubt, in order to be admitted to bail, pending appeal. *R. S.* 2:195–11; *N. J. S. A.* 2:195–11.

As constituting such reasonable doubt, they object to certain portions of the court's charge, or omissions therefrom, but none of these has any real merit, the latter's substance having been otherwise covered in the charge.

They further contend there was error in that, over objection, the court permitted proof that on certain nights shortly before the date alleged in the indictment, many persons gathered out in the fields at the converted chicken-coop in question, for the apparent purpose of gambling, in the same way that they were proved to have gathered there and engaged in gambling in fact on the night in question. Their objection is based upon the claim that, since the indictment charges the offense on a certain date, any proof of the gathering of persons, even on an immediately previous date, is unlawful.

But this contention entirely overlooks the fact that defendants' "intent that such persons might resort thither for gambling" is of the essence of the offense, and that it was therefore incumbent upon the state to prove this act of the defendants' mind by the only means possible, *i. e.,* their acts. Since there was definite evidence that defendants were in control of this deserted chicken-coop, and it is obviously unnatural for third parties to gather late at night, on repeated occasions, at such a deserted chicken-coop, without some instigation, the fact that many persons gathered there several nights in succession, indicates the probability that those in control of the chicken-coop instigated such persons to gather there. In other words, this fact is evidence of defendants' "intent that such persons might resort thither," as the statute

says. Indeed, had the state only proven that such persons had gathered there on but a single night, defendants might well have argued that such gathering was but a casual occurrence, by mere chance, and thus without defendants' participation, desire or intent.

That this, the only apparently available proof, was proper to prove such intent, seems not only sound in reason to this court, but this reason finds support in the viewpoint of our Supreme Court and Court of Errors and Appeals upon the substantially identical statute, construed in *State* v. *Ackerman*, 62 *N. J. L.* 456; 41 *Atl. Rep.* 697; *State* v. *Griffin (Court of Errors and Appeals)*, 85 *N. J. L.* 613; 90 *Atl. Rep.* 259; *State* v. *Terry (Court of Errors and Appeals)*, 91 *N. J. L.* 539; 103 *Atl. Rep.* 238.

These determinations are not only binding upon this court in general, but are of particular importance on this application for the following reasons. The purpose of the statute, denying bail unless a certificate is issued "that there is reasonable doubt as to the validity of the conviction," is clearly to prevent a convicted defendant from further delaying the service of sentence by the taking of a fruitless appeal, and, at the same time, to avoid the shock to our citizens when they see a convicted felon walking the streets immediately after being sentenced to custody. "Justice delayed is justice denied." On the other hand, the statutory purpose is also clear, not to make a fruitful appeal barren, through the service of sentence in custody, before the conviction appealed from can be determined to have been invalid on appeal.

In short, the issue on the granting of bail on such applications is as to whether "there is reasonable doubt * * * [that] the validity of the conviction" will be upheld on appeal. If there is, bail should be granted; if not, it should be denied. Strictly speaking, the doubt as to the validity of the conviction, which will cause the trial court to issue the certificate, is not the doubt in such court's own mind of the validity of its own action at the trial, but whether there is a reasonable doubt in its mind as to the fact that the appellate courts will sustain "the validity of the conviction."

In view of the decisions of our upper courts in the above cases on substantially the very point now pressed, this court entertains no reasonable doubt as to the action of such courts on that point in upholding "the validity of the conviction."

We turn but briefly to the grounds subsequently advanced by new defense counsel, for they were barely and belatedly presented to this court.

The allusion in the charge to the failure of the defendant DeFalco to take the stand, would appear entirely proper, under the facts and the authorities, particularly as the charge expressly alluded to the fact that the co-defendant, Barone, did take the stand and testify. The allusions to written statements made by certain state witnesses were not harmful. Such statements were not put in evidence, as the state would have been entitled to do, had they been used to meet surprise. Indeed, neither side asked that they be put in evidence. So far as used at all, they were used as a mere memorandum to refresh the recollection of most reluctant, not to say hostile, witnesses. The other grounds alleged equally lack substance.

Since this court entertains no reasonable doubt as to the fact that the validity of the conviction will be upheld on appeal, the application for a certificate and bail will be denied.