Statement of the Case.
NICHOLLS, J.
On the 7th day of June, 1907, the grand jury of the parish of St. Tammany returned an indictment against defendant, charging that on the 1st of August, 1906, in the parish of St. Tammany, he did—
“willfully and feloniously cut, pull down, destroy, deaden, and carry away trees, wood, and timbers from the lands of another, said trees, wood, and timber at the time were growing and lying on the lands belonging to the estate of John Poitevent, without the consent of the owner thereof, or his agent or legal representative, contrary to the form of the statutes of the state of Louisiana in such cases made and provided, and against the peace and dignity of the same.”
On the 11th of March, 1908, the jury returned against the defendant a verdict of guilty as charged, asking the mercy of the court.
On the 12th of March, the defendant moved for a new trial on the ground that the evidence showed that he had resided upon the land for a period of 15 years and performed acts of ownership for that period of time; that he had paid for the land, but had never received title for the same; that he was never molested by tbe owners of said land, and not until very recently was he ordered to vacate said premises; that the testimony of tbe state failed to show any “willful and felonious intent, which was necessarily a part of criminal intent.”
Tbe court overruled tbe motion, but no exception was reserved.
On tbe same day tbe defendant demurred to tbe indictment found against him, and moved to quash the same on the ground—
“that the indictment is founded on Act No. 103, p. 156, of 1902; that said act is unconstitutional in that it embraces more than one object, which is prohibited by article 31 of the Constitution of the state.”
“That portion of the title of said act which begins with the words ‘without first having the
*626 boundary line,’ etc., and ending with the words ‘within the meaning of this act,’ is at variance and in conflict with that portion of section 1 of said act which begins with the words ‘provided that ignorance of the true boundary lines,’ etc., and ending with the words ‘under the provisions of this act,’ all of which is contrary to tne laws of this state.”
He prayed that his motion be maintained and the indictment filed herein quashed and defendant discharged.
The minutes of the court copied in the transcript show that this motion was submitted to the court, but do not show affirmatively that it was formally passed upon by it. Notwithstanding the same, it, however, on the 14th of March, sentenced the defendant to pay a fine of $200 and costs of the prosecution, and in default of payment of the fine to be imprisoned in the parish jail for a period of four months, subject to be worked on the public roads of the parish.
Defendant applied for and was granted a suspensive appeal from this sentence to the Supreme Court.
In this court, the state, suggesting that the transcript filed herein contained no bill of exceptions, no motion in arrest, no assignment of errors, and that, the sentence of the court being that the accused pay a fine of $200, the same is too small to give jurisdiction to the Supreme Court, and -that an inspection of the record shows no error, prays that the appeal be dismissed.
Opinion.
Article 85 of the Constitution declares that:
“The Supreme Court shall have jurisdiction in criminal cases on questions of law alone, whenever the punishment of death or imprisonment at hard labor may be' imposed or imprisonment exceeding six months is actually imposed.”
Act No. 103, p. 156, of 1902, provides that:
“The defendant if convicted shall be fined not less than fifty dollars, nor more than five hundred dollars, or be imprisoned in the penitentiary, or otherwise, for not more than two years at the discretion of the court.”
We are of the opinion that a sentence to imprisonment in the penitentiary is, in fact, though not in- precise words, “an imprisonment at hard labor.” The liability to such imprisonment under a statute makes a sentence for violation of the same appealable to the Supreme Court, without reference to the particular punishment to which the defendant may have been sentenced in a special case. The transcript shows, as we have said, that such a motion was filed, though it does not show that it was acted on. The defendant, in that motion, denied the constitutionality of the act upon -which he declared the prosecution was founded. If that defense was well founded, and the fact was apparent from an inspection of the record, we do not think we would be justified in affirming the sentence, for the reason that the record does not show in direct terms that the motion was formally i>assed upon, any more than we would feel justified in affirming a death sentence upon a defendant who had raised the issue in the trial court that the sentence was based upon a statute which had been repealed, for the reason that the transcript did not show that the district court had formally passed upon that issue. We decline to dismiss the appeal.
Reaching the defense, raised in the motion in arrest, that the verdict of the jury and the judgment of the court should be set aside, and the defendant discharged, because the statute upon which the prosecution was founded was unconstitutional, there is nothing on the face of the indictment or in the transcript showing that it was based upon Act No. 103, p. 156, of 1902.
The indictment follows exactly the language of Act No. 137, p. 177, of 1890, which the act of 1902. declared in its title it was its purpose to amend and re-enact.
We know judicially, however, that at the time when the indictment in this case was returned Act No. 103, p. 156, of 1902, appeared *628 on the printed statutes of Louisiana as the statute which her authorities would have recourse to when charging a person, as this defendant was charged, with “trespass by felling trees on the land of another without the consent of the owner thereof, or his agent or legal representative.”
We are justified under the circumstances in acting on the assumption that defendant was indicted, tried, and convicted under the rules governing a prosecution under that statute. Acting on that assumption, we are of the opinion that the verdict of the jury and the judgment of the court based thereon are ■erroneous, and should be annulled,, avoided, and reversed, and the defendant discharged, but under reservation of the right of the state to proceed against the defendant under Act No. 137, p. 177, of 1890; and it is hereby so ■ordered, adjudged, and decreed, the court hereby holding and decreeing that Act No. 103, p. 156, of 1902, upon which the indictment was founded, is unconstitutional, null, and void, affirming on that question the recent decision of this court, not yet officially reported, in State v. Peterman, 46 South. 672