FOURNET, Chief Justice.
 

 The defendant, Moise Fontenot, having been indicted jointly with Dolores Thomas and Purvis Chapman on a charge of possession, control and transportation of marijuana, a narcotic drug, in violation of LSA-R.S. 40:962, is appealing from his conviction (Dolores Thomas pleaded guilty, Purvis Chapman was acquitted) ■ of attempted possession, control and transportation of the drug, and his sentence to serve six years at hard labor in the State Penitentiary, relying for reversal on five bills' of exception taken to the rulings of the trial judge. (Two of the bills reserved, Nos. 2 and 4, were abandoned.)
 

 The first bill of exception was reserved to the trial judge’s denial of the defendant’s motion to quash the indictment on the ground that (1) the Uniform Narcotics Act, LSA-R.S. 40:961 et seq., in providing a mandatory sentence for those convicted under the Act of from ten to fifteen years, without the right of parole, violates Article I, section 12 of the Louisiana Constitution of 1921, and Amendment VIII of the United States Constitution; and further, (2) that the provision of the LSA-Revised Statutes, 40:981, making those sentenced
 
 *436
 
 under this section ineligible for parole, deprives the accused of the equal protection of the law, contrary- to the XIV Amendment, Section 1, of the United States Constitution, in that it deprives him of the benefit of the general provision of the Revised Statutes, LSA-R.S. 15:574.3, declaring that any person convicted of a felony may be paroled after serving one-third of his sentence.
 

 As often pointed out by the United States Supreme Court, the Eighth Amendment to the U. S. Constitution, with its prohibition of cruel and unusual punishment, is a limitation upon the Federal government, not upon the states. See Collins v. Johnston, 237 U.S. 502, 35 S.Ct. 649, 59 L.Ed. 1071, at page 1079, citing Barron, for Use of Tiernan v. Baltimore, 7 Pet. 243, 8 L.Ed. 672; Pervear v. Massachusetts, 5 Wall. 475, 18 L.Ed. 608; McElvaine v. Brush, 142 U.S. 155, 12 S.Ct. 156, 35 L.Ed. 971; O’Neil v. Vermont, 144 U.S. 323, 12 S.Ct. 693, 36 L.Ed. 450; Ensign v. Pennsylvania, 227 U.S. 592, 33 S.Ct. 321, 57 L.Ed. 658. As regards similar state constitutional prohibitions, these are generally aimed at the form or nature of the punishment rather than its severity in respect of duration and amount. ' State v. Staub, 182 La. 1040, 162 So. 766; State v. Becker, 3 S.D. 29, 51 N.W. 1018; In re O’Shea, 11 Cal. App. 568, 105 P. 776; State v. Griffin, 84 N.J.L. 429, 87 A. 138, affirmed 85 N.J.L. 613, 90 A. 259; Williams v. State, 125 Ark. 287, 188 S.W. 826, L.R.A.1917B, 586; 15 Am.Jur. 172. In view of the moral degeneration inherent in all aspects of the crime denounced by the Narcotic Act, it cannot be said that the length or severity of the punishment here prescribed is dis-proportioned to the offense. Cf. Weems v. United States, 217 U.S. 349, 54 L.Ed. 793, 30 S.Ct. 544.
 

 Nor is the defendant discriminated against, and thus denied the equal protection of the law, because ineligible for parole. Where there is equality of punishment for the same offense, no such complaint is valid — the requirement of the-Fourteenth Amendment being that in the administration of criminal justice, no one shall be subjected for the same offense to-any greater or different punishment than that to which other persons of the same class are subjected. And, as observed by the United States Supreme Court in the case of Ughbanks v. Armstrong, a state may, “in its discretion, exclude such classes of persons from participation in the favor [parole] as may to it seem fit. * * * it is a question of state policy exclusively for the state to decide * * *.” 208 U.S. 481, 28 S.Ct. 372, at page 374, 52 L.Ed. 582, at page 584. The Uniform Narcotics. Act, a law dealing with a special subject, applies to all persons convicted of this particular crime, without exception, subjecting them all, as a class, to the same loss of parole privileges. The Legislature obviously concluded that the interests of society are best served by withholding from
 
 *438
 
 this class of persons the privilege enjoyed by certain others, and its wisdom in that respect cannot be inquired into or questioned.
 

 The next Bill of Exception (No. 3), reserved to the ruling of the trial judge denying the defendant’s motion for a severance from his codefendants and for a separate trial, is equally without merit. As pointed out by the trial judge in his Per Curiam to the bill, the motion was based primarily on the ground that the codefendant Dolores Thomas had made a confession in which she admitted the possession and control of the narcotics, which, mover claimed, placed him in a detrimental and antagonistic position; but the Court observed that inasmuch as Dolores Thomas pleaded guilty before the trial and was a witness on behalf of the accused, and the two remaining defendants both testified in their own behalf and favorably to each other, their positions were not antagonistic.
 

 The complaint of the defendant that his cross-examination of the State witness Dejean (the main prosecuting witness) was curtailed on a very important phase of the ■case, which forms the basis of Bill of Exception No. 5, is clearly demonstrated to be without merit by the trial judge’s Per Curiam, disclosing that the question objected to by the district attorney had been answered before objection could be recorded ; besides, that the same witness had been previously asked, and had answered, the same question, in the presence of the jury, on several occasions.
 

 The last two Bills of Exception were reserved when the trial judge refused to grant defendant’s motion for a new trial, based on his contention that the verdict was contrary to the law and the evidence (Bill No. 6), and when the judge refused defendant’s request that a statement of facts, in concise, narrative form, be given by the Judge in order to enable this Court to pass upon the testimony.
 

 These bills present nothing for review. This Court is without appellate jurisdiction of the facts in this case, and it is only when there is no evidence to support a verdict of guilty that a question of law arises which the Court may decide, after examination of the record. Consequently, in the absence of the evidence being incorporated in the record, attached to or in the form of a Bill of Exception, there is nothing for us to review.
 

 For the reasons assigned, the conviction and sentence are affirmed
 

 LE BLANC, J., absent and takes no part.