315 So.2d 281 (1975)
STATE of Louisiana
v.
Judy Frank BLUE.
No. 55970.
Supreme Court of Louisiana.
June 23, 1975.
John B. Whitaker, Makar & Whitaker, Natchitoches, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ronald C. Martin, Dist. Atty., R. Raymond Arthur, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Judy Frank Blue was charged by Bill of Information with illegal possession of cocaine with intent to distribute in violation of R.S. 40:967(A)(1). On September 23, 1974 she pled guilty to possession of cocaine[1] and on November 22, 1974 was sentenced to "three years in the Louisiana State Penitentiary." [2]
This appeal is based solely upon defendant's allegation that, as applied to her, the sentence imposed is cruel and unusual punishment and that this is an error discoverable by a mere inspection of the pleadings and proceedings under C.Cr.P. Art. 920.
She contends that the sentence is cruel and unusual as she has a small pre-school age child and no husband to care for the child while she is in prison. She also contends *282 that her sentence is greater than those received by other defendants from the same court for the same or more serious charges. Finally, she contends that the sentence is cruel and unusual in that the trial court did not sentence her to an institution where treatment for drug offenders is available. We note that there is no evidence in the record to substantiate her allegations, nor would such evidence, if in the record, establish discoverable error.
Imprisonment at hard labor is clearly not cruel and unusual punishment. State v. Howard, 262 La. 270, 263 So.2d 32 (1972). The fact that this sentence may be greater than those received by other defendants from the same court for the same or more serious charges would not render this sentence cruel and unusual. Trial judges are given latitude in deciding the term of incarceration to be imposed; variances are to be expected. The fact that defendant may have a child of tender years does not render her incarceration cruel and unusual. Her argument that she should be sentenced to an institution where treatment for drug offenders is available addresses itself to the Department of Corrections.
We note, however, that the sentence of the defendant is incorrect insofar as it designates the Louisiana State Penitentiary (as the place of commitment).
The penalty for violation of R.S. 40:967(C) is imprisonment with or without hard labor for not more than 5 years and, in addition, may include a fine of not more than $5,000. As earlier noted the court's sentence was to serve three years, inferentially at hard labor. The sentence should not designate the Louisiana State Penitentiary. Commitment is different from sentence. R.S. 15:824 refers to the commitment of felons after final conviction and does not affect the sentence. Commitment, of course, is to be to the Department of Corrections as required by R. S. 15:824. See State ex rel. Matthews v. Henderson, 292 So.2d 496 (La.1974) and State v. Navarre, 289 So.2d 101 (La.1974). Defendant should be sentenced to serve her three years at hard labor. Her commitment will be to the custody of the Department of Corrections.
We find no merit in defendant's contention that her three year sentence is cruel and unusual. The case is, however, remanded to the trial court for resentencing in accordance with law.
NOTES
[1] It appears that defendant was also charged with possession of heroin, and possession of heroin with intent to distribute, and pled guilty to possession of cocaine in exchange for having those other charges dropped.
[2] We construe the above sentence to mean 3 years at hard labor. See State v. Morgan, 238 La. 829, 116 So.2d 682 (1960). The instant sentence is within the penalty limits presented for simple possession of cocaine. See R.S. 40:967(C).