MARCUS, Justice.
Brian Lee Gardner was charged by bill of information with two counts of willfully and unlawfully failing to register securities offered and sold within this state in violation of La.R.S. 51:706 A and with two counts of willfully and unlawfully engaging in business in this state as a broker-dealer of such securities without being registered with the commissioner of securities in violation of La.R.S. 51:710 A. After trial before a jury of twelve persons, defendant was found guilty as charged on all four counts and was sentenced on each count to serve one year at hard labor and to pay a fine of one thousand dollars, or to serve one year as to each count in default of the payment of said fine. The court expressly directed that the sentences were to be served consecutively. The court further assessed court costs in the amount of sixty dollars against defendant, in default of the payment of which he was to serve an additional thirty days in the parish prison. On appeal, defendant relies upon ten assignments of error for reversal of his convictions and sentences.[1] In Assignment of Error No. 9, defendant urges that the trial judge erred in denying his motion for a new trial; in Assignment of Error No. 10, he asserts error in the trial judge’s denial of his motion in arrest of judgment. A number of grounds are alleged in support of his motions for a new trial and in arrest of judgment; however, finding merit in one of the contentions raised in his motion in arrest of judgment, we need not reach the merits of the remaining contentions.
Defendant contends that the trial judge erred in denying his motion in arrest of judgment on the ground that he was improperly tried before a jury of twelve persons. He argues that, because the crimes with which he was charged were punishable by a fine or imprisonment at hard labor or both, he could only be tried before a jury of six persons under La.Const. art. 1, § 17 and La.Code Crim.P. art. 782. On the other hand, the state argues that the crimes with which defendant was charged were properly tried before a jury of twelve jurors since, if imprisonment were imposed as punishment for the offenses, it would necessarily be at hard labor. Alternatively, the state argues that, even if defendant were entitled to be tried before a six-member jury, he may not complain of the alleged error since he failed to object to the composition of the jury when it was selected and furthermore defendant was not prejudiced by any irregularity in the size of the jury.
La.Const. art. 1, § 17 provides in pertinent part:
. A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, five of whom must concur to render a verdict. . (Emphasis added.)
Similarly, La.Code Crim.P. art. 782 states:
. Cases in which the punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. Cases in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, five of whom must concur to render a verdict. (Emphasis added.)
The penalty provided for the crimes with which defendant was charged is set forth in La.R.S. 51:716D. According to the provision, any person who willfully violates any provision of the Blue Sky Law, La.R.S. 51:701 et seq., shall be guilty of a felony and upon conviction shall be punished by a fine of not more than five thousand dollars or by imprisonment in the state penitentiary for not more than three years, *107 or by both fine and imprisonment.[2] The penalty provision permits a fine or imposition of a prison sentence at hard labor or both. Accordingly, the penalty provision does not mandate punishment necessarily at hard labor but rather prescribes punishment which may be at hard labor. See, State v. Stewart, 292 So.2d 677 (La.1974); State v. Martin, 290 So.2d 872 (La.1974); State v. Rabbas, 278 So.2d 45 (La.1973). Hence, under La.Const. art. 1, § 17 and La.Code Crim.P. art. 782, defendant could be tried only by a jury composed of six jurors. Trial before a jury of twelve persons constituted error.
La.Code Crim.P. art. 859(4) provides that the court shall arrest the judgment when the tribunal that tried the case did not conform with the requirements of articles 779, 780 and 782 of the Code of Criminal Procedure. The jury of twelve persons which tried defendant did not conform with the requirements of article 782, a mandatory ground for arresting judgment. Defendant properly raised this error in his motion in arrest of judgment. Hence, no objection was necessary at the time of the jury selection, nor was a showing of prejudice required. The trial judge committed reversible error in denying defendant’s motion in arrest of judgment.
DECREE
For the reasons assigned, the convictions and sentences are reversed, and the case is remanded to the trial court for a new trial.

. Assignments of Error Nos. 1, 2, 3, 4, 5, 6, 7 and 8 were neither briefed nor argued. Therefore, we consider these assignments of error to have been abandoned. State v. Blanton, 325 So.2d 586 (La. 1976); State v. Carlisle, 315 So.2d 675 (La.1975).

. A sentence of imprisonment in the state penitentiary is an imprisonment at hard labor. State v. Blue, 315 So.2d 281 (La.1975); State v. Morgan, 238 La. 829, 116 So.2d 682 (1959).