479 So.2d 339 (1985)
STATE of Louisiana
v.
Albert Lorenzo TAYLOR.
No. 85-KA-0501.
Supreme Court of Louisiana.
December 2, 1985.
*340 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James A. Norris, Jr., Dist. Atty., Wilson Rambo, Asst. Dist. Atty., for plaintiff-appellant.
Paul Henry Kidd, Sr., Milton Dale Peacock, Monroe, for defendant-appellee.
MARCUS, Justice.
Albert Lorenzo Taylor was charged by bill of information with possession of contraband (a large quantity of cigarettes) and introduction of same into or upon the grounds of Louisiana Training Institute, a facility of the Department of Corrections, located at Monroe, Louisiana, in violation of La.R.S. 14:402.[1] Defendant filed a motion to quash that portion of the information charging him with violation of La.R.S. 14:402 asserting that the statute is unconstitutionally vague, fails to provide sufficient notice as to what acts are proscribed, and improperly delegates legislative authority to define a crime to the head of a correctional facility or his designee. The trial judge sustained the motion to quash ruling that the portion of La.R.S. 14:402(A) which defines the term "contraband" as,
[f]or the purpose of inmate and institutional security at state adult or juvenile correctional institutions, contraband shall be defined as any article, substance, or thing which is not issued by the authorities operating the facility, sold through the institutional canteen, specifically permitted by applicable regulations, or otherwise specially authorized by the head of the facility or his designee
vests arbitrary discretion in the warden or head of a state correctional institution or his designee (LTI in the instant case) to determine what shall be contraband without prescribing any standards of guidance and as so stated amounts to an unconstitutional delegation of legislative authority to the executive branch of government. The state appealed the district court's ruling to this court.[2]
La.R.S. 14:402(A) provides:
A. For the purpose of inmate and institutional security at state adult or juvenile correctional institutions, contraband shall be defined as any article, substance, or thing which is not issued by the authorities operating the facility, *341 sold through the institutional canteen, specifically permitted by applicable regulations, or otherwise specially authorized by the head of the facility or his designee. Contraband includes but is not limited to any substance or device defined in the Uniform Controlled Dangerous Substances Law except where prescribed by a physician, provided the drugs are contained in a container from the drug store bearing the full identification of the doctor who issued the drugs, the druggist who dispensed same and the number of the prescription, and that said drugs are not concealed upon the body of the person; any weapons or devices designed to kill or wound or any plans for the making or manufacturing of such weapons or devices; explosives or combustibles; any plans for escape from an institution; intoxicating beverages; stolen property, and money which is legal tender, except where specifically authorized by applicable regulations. [Emphasis added.]
The sole issue presented for our consideration is whether the first sentence of La.R.S. 14:402(A) which defines contraband as any article, substance or thing not issued by the authorities, sold through the canteen, permitted by applicable regulation or otherwise specially authorized is unconstitutional.[3]
The Louisiana Constitution provides for a separation of powers among the legislative, executive and judicial branches of government. La. Const. art. 2, § 1. La. Const. art. 2, § 2 states:
Except as otherwise provided by this constitution, no one of these branches, nor any person holding office in any one of them, shall exercise power belonging to either of the others.
The general rule is that the legislative power cannot be delegated. State v. Rodriguez, 379 So.2d 1084 (La. 1980); City of Shreveport v. Price, 142 La. 936, 77 So. 883 (1918). However, this court has recognized that the legislative branch has the authority to delegate to administrative boards and agencies of the state the power to ascertain and determine the facts upon which the laws are to be applied and enforced. State v. Rodriguez, supra; State v. Guidry, 142 La. 422, 76 So. 843 (1917). In determining whether a particular delegation of legislative authority is unconstitutional, this court has relied upon the rule established in Schwegmann Brothers Giant Super Markets v. McCrory, Commissioner of Agriculture, 237 La. 768, 112 So.2d 606, appeal dismissed, 361 U.S. 114, 80 S.Ct. 207, 4 L.Ed.2d 154 (1959):
So long as the regulation or action of the official or board authorized by statute does not in effect determine what the law shall be, or involve the exercise of primary and independent discretion, but only determines within prescribed limits some fact upon which the law by its own terms operates, such regulation is administrative and not legislative in its nature.
La.R.S. 14:7 provides that a crime in Louisiana is that conduct which is defined as criminal in the criminal code, or in other acts of the legislature, or in the constitution of this state. It is well settled in Louisiana jurisprudence that the determination and definition of acts which are punishable as crimes are purely legislative functions. State v. Rodriguez, supra; State v. Gyles, 313 So.2d 799 (La.1975). It thus follows that the legislative power to create and define criminal offenses cannot be delegated. State v. Broom, 439 So.2d 357 (La.1983); State v. Maitrejean, 193 La. 824, 192 So. 361 (1939).
In State v. Morgan, 238 La. 829, 116 So.2d 682 (1960), defendant challenged the constitutionality of former La.R.S. 14:402(A) which stated at that time:

*342 A. It shall be unlawful to introduce or attempt to introduce into or upon the grounds of any correctional or penal institution under the supervision or control of the Board of Institutions of the State of Louisiana or to take or attempt to take or send therefrom any of the following articles which are hereby declared to be contraband for the purposes of this Section, to wit: Any communication or any currency or coin given or transmitted or intended to be given or transmitted to any inmate of any correctional or penal institution under the supervision and direction of the Louisiana State Board of Institutions; any article of food or clothing; any intoxicating beverage or beverage which causes or may cause an intoxicating effect; any narcotic or hypnotic or excitive drug or any drug of whatever kind or nature including nasal inhalators of any variety, sleeping pills or barbiturates of any variety that create or may create a hypnotic effect if taken internally; and any firearm or any instrumentality customarily used as a dangerous weapon, except through regular channels as authorized by the officer in charge of each correctional or penal institution.[4]
Defendant was convicted of introducing nasal inhalators upon the grounds of the Louisiana State Penitentiary. Nasal inhalators were one item in an exclusive list of items defined as contraband by the statute. Defendant contended that the statute unlawfully delegated legislative authority to an administrative official to define a criminal offense when it excepted "items introduced or taken from the institution through regular channels as authorized by the officer in charge of each correctional or penal institution." This court upheld the constitutionality of the statute, finding that the legislature had not delegated the authority to define criminal acts. State v. Morgan, supra.
La.R.S. 14:402(A) was substantially revised in 1977.[5] This is the court's first opportunity to address the constitutionality of the revised statute.[6]
Former La.R.S. 14:402(A), as interpreted in State v. Morgan, set forth an exclusive list of articles determined by the legislature to be contraband. It was unlawful under the former statute to introduce or take these articles to or from a correctional institution "except through regular channels as authorized by the officer in charge of the institution." The former statute delegated to officials within prescribed limits the authority to make exceptions in isolated instances to the exclusive list of articles defined as contraband. The degree of authority delegated by former La.R.S. 14:402(A) was minimal and the statute was considered to be administrative, not legislative, in its nature. See State v. Morgan, supra.
In contrast, the first sentence of La.R.S. 14:402(A), as presently written, defines any article, substance or thing as "contraband" unless the authorities at the *343 institution decide to issue the article, sell it through the canteen, permit it by regulation or specially authorize it. While under the former statute only those items exclusively listed were contraband, "everything" is considered to be contraband under the present statute. Under the former statute, officials were granted the authority only under particular circumstances to make isolated exceptions to allow the introduction and removal of articles otherwise considered to be contraband. However, under the statute as presently written, officials are vested with the unbridled discretion to make exceptions to the legislature's proscription of all items as contraband whenever they desire to issue the article, sell it in the canteen or otherwise regulate or authorize it. By allowing such latitude to determine what is and is not contraband, the legislature has vested in the head of a facility or his designee the authority to define and redefine what is criminal conduct. For example, if cigarettes are sold in the institutional canteen one day, then they are not contraband and anyone, including inmates, visitors or employees, are allowed to introduce or possess cigarettes upon the premises. If, however, the head of the facility decides not to sell cigarettes in the canteen the next day, then contraband has been redefined to include cigarettes.
We consider the degree of authority delegated by the present statute to be much greater than that delegated by former La.R.S. 14:402(A). Also the present statute fails to prescribe sufficient standards by which the power delegated is to be exercised. The state argues that the standards to adjudge what exceptions the institutional authorities may make to the legislative directive that contraband is "everything not otherwise permitted" are set forth in the legislative intent declared in the beginning of La.R.S. 14:402, that is, the prohibition of all articles is "for the purpose of inmate and institutional security." We consider this to be an insufficient standard to support the delegated authority under the present statute. When the delegated authority is unfettered as here, its exercise becomes legislative, not administrative, in nature, and contravenes the mandate of Article 2, Section 2 of the Louisiana Constitution. Hence, we must conclude that the portion of La.R.S. 14:402(A) which states
[f]or the purpose of inmate and institutional security at state adult or juvenile correctional institutions, contraband shall be defined as any article, substance, or thing which is not issued by the authorities operating the facility, sold through the institutional canteen, specifically permitted by applicable regulations, or otherwise specially authorized by the head of the facility or his designee
is unconstitutional.[7] Having reached this conclusion, we need not address the other constitutional challenges set forth by defendant in his motion to quash.

DECREE
For the reasons assigned, the judgment of the district court granting the motion to quash is affirmed. The case is remanded to the district court for further proceedings in accordance with law.
NOTES
[1] Defendant was also charged in the same information in separate counts with conspiracy to commit theft in violation of La.R.S. 14:26 and 14:67 and theft in violation of La.R.S. 14:67.
[2] La. Const. art. 5, § 5(D)(1) provides that a case shall be appealable to the supreme court if a law has been declared unconstitutional.
[3] The penalty for violating the statute is set forth in Section B:

B. It shall be unlawful to introduce contraband into or upon the grounds of any state correctional institution. It shall be unlawful to possess contraband at any state correctional institution or to send contraband from any such facility. Whoever is convicted of a violation of this Section shall be imprisoned at hard labor for not more than five years.
[4] The penalty for violating the statute is set forth in Section B:

B. Whoever violates any provision of this section shall upon conviction be imprisoned in the state penitentiary for not more than three years without being eligible for a suspended sentence or for a parole.
[5] 1977 La. Acts No. 326. Since 1977, the statute has been amended three times. 1978 La. Acts No. 731 made several changes including adding the proviso "except where authorized by applicable regulations" to Section (A), and changing the penalty for violation of the statute from "imprisonment with or without hard labor for not more than three years" to "not more than five years." 1980 La. Acts No. 365 added the proviso to Section A exempting from the definition of contraband certain substances and devices prescribed by a physician. 1981 La. Acts No. 282 did not make any changes to Section A. None of these amendments changed the form of Section A since Act 326 of 1977.
[6] In State v. Turner, 392 So.2d 436 (La.1981), defendant, who was convicted of introducing contraband (valium pills) into the Louisiana State Penitentiary, challenged the present form of La.R.S. 14:402 as an unconstitutional delegation of legislative authority. Because valium is a substance defined in the Uniform Controlled Dangerous Substances Law, this court held that defendant did not have standing to challenge the constitutionality of that portion of the statute presently under scrutiny.
[7] We need not declare the entire Section A to be unconstitutional since Section 2 of the acts which have amended and re-enacted the statute states:

If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items, or applications of this Act which can be given effect without the invalid provisions, items, or applications, and to this end the provisions of this Act are hereby declared severable.
The remainder of the statute is substantially the same as the previous statute held constitutional in State v. Morgan, 238 La. 829, 116 So.2d 682 (1960).