529 So.2d 459 (1988)
STATE of Louisiana
v.
Roland CONVERSE.
No. KA 87 1538.
Court of Appeal of Louisiana, First Circuit.
June 21, 1988.
*460 Robert Menuet, Napoleonville, for State.
Tim Barbier, Napoleonville, for defendant.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
LOTTINGER, Judge.
Roland Converse was charged by bill of information with possession of contraband in a penal institution, a violation of La.R.S. 14:402. He was tried by a jury, which *461 convicted him as charged. The trial court imposed the maximum sentence of five years at hard labor, to be served consecutively to the sentence he is presently serving.[1] Defendant appealed, urging five assignments of error, as follows:
1. The trial court erred by denying his motion to quash the bill of information.
2. The trial court erred by permitting a lay witness to offer opinion testimony.
3. The trial court erred by permitting a witness to offer prejudicial testimony.
4. The evidence is insufficient to sustain a conviction.
5. The trial court erred by failing to include a proposed jury charge.

FACTS
Defendant was charged for the possession of contraband upon the premises of the Assumption Parish Detention Center. During a routine search of his cell, Assumption Parish deputies discovered two lengths of wire, one of which was approximately eight inches long and the other approximately four inches long; a disposable razor; and a straight-edged razor blade that appeared to have been removed from another disposable razor. The wires were discovered under defendant's mattress. The razor and razor blade were taped to the toilet. Defendant was the only occupant of the cell.

DENIAL OF MOTION TO QUASH
By assignment of error number one, defendant submits that the trial court erred by denying his motion to quash the bill of information on the ground that La.R.S. 14:402 C, the provision under which he was convicted, is unconstitutional. Citing State v. Taylor, 479 So.2d 339 (La.1985), defendant argues that the statute unconstitutionally delegates the legislative power to create and define a criminal offense by vesting the prison officials with the unbridled discretion to determine what constitutes contraband.
In State v. Taylor, the Louisiana Supreme Court considered the constitutionality of La.R.S. 14:402 A, which proscribes the possession of contraband at a state penal facility. At that time, La.R.S. 14:402 A provided as follows:
A. For the purpose of inmate and institutional security at state adult or juvenile correctional institutions, contraband shall be defined as any article, substance, or thing which is not issued by the authorities operating the facility, sold through the institutional canteen, specifically permitted by applicable regulations, or otherwise specially authorized by the head of the facility or his designee. Contraband includes but is not limited to any substance or device defined in the Uniform Controlled Dangerous Substances Law except where prescribed by a physician, provided the drugs are contained in a container from the drug store bearing the full identification of the doctor who issued the drugs, the druggist who dispensed same and the number of the prescription, and that said drugs are not concealed upon the body of the person; any weapons or devices designed to kill or wound or any plans for the making or manufacturing of such weapons or devices; explosives or combustibles; any plans for escape from an institution; intoxicating beverages; stolen property, and money which is legal tender, except where specifically authorized by applicable regulations.
In Taylor, the Court noted that the sole issue presented for its consideration was whether or not the first sentence of La.R.S. 14:402A was constitutional. That sentence defined contraband as any article, substance or thing not issued by the authorities, sold through the canteen, permitted by applicable regulation or otherwise specially authorized. The Court compared the statute as it then read to the provisions considered and approved in State v. Morgan, 238 La. 829, 116 So.2d 682 (1960), and *462 found that the statute failed to prescribe sufficient standards by which the delegated power was to be exercised. The court concluded that, since the delegated authority was unfettered, its exercise became legislative, not administrative, in nature and contravened the mandate of La. Const. Art. 2, § 2.[2] The court then specifically held that the first sentence of La.R.S. 14:402 A, generally defining contraband, was unconstitutional. The Court further noted that the remainder of the statute was substantially the same as that previously found constitutional in State v. Morgan. State v. Taylor, 479 So.2d at 343.
Defendant was charged with the possession of contraband on the premises of a municipal or parish prison or jail. In contrast to La.R.S. 14:402 A, proscribing the possession of contraband at a state penal institution, at the time of the instant offense, La. R.S. 14:402 C provided as follows:
C. It shall be unlawful to possess or to introduce or attempt to introduce into or upon the premises of any municipal or parish prison or jail or to take or attempt to take or send therefrom any of the following articles which are hereby declared to be contraband for the purpose of this Section, to wit: any currency or coin which is legal tender; any stolen property; any article of food or clothing; any intoxicating beverage or beverages which causes or may cause any intoxicating effects; any narcotic or hypnotic or excitive drug or any drugs of whatever kind or nature, including nasal inhalators of any variety, sleeping pills or barbiturates of any variety that create or may create a hypnotic effect if taken internally, or any other controlled dangerous substance as defined in R.S. 40:961, et seq.; and any firearm or any instrumentality customarily used as a dangerous weapon, including explosives or combustibles, except through regular channels as authorized by the officer in charge of any institution herein, or any plans for the making or manufacturing of such weapons or devices; however, the definition of contraband is not restricted to those articles set forth hereinabove. Whoever violates any provision of this Subsection shall be imprisoned with or without hard labor for not more than five years.[3]
This section does not contain the sweeping definition of contraband declared unconstitutional in State v. Taylor; nor does it vest prison officials with the unfettered discretion to designate a substance as contraband. Rather, the provision sets forth a list of items specifically declared to be contraband. Although defendant contends that the section providing that the possession or introduction of certain items is contraband "except [if obtained] through regular channels as authorized by the officer in charge of any institution herein" is a delegation of legislative authority, that language was considered and approved in State v. Morgan. Citing City of Baton Rouge v. Shilg, 198 La. 994, 5 So.2d 312, 313 (1941), the Court stated the general rule as follows:
From a review of the authorities, we find the generally accepted rule to be that a statute or ordinance vesting arbitrary discretion in a public official without prescribing fixed and definite rules or specific conditions for the official's guidance is unconstitutional. [citations omitted]... "The rule is not without exception or modification, ... because some situations, and some statutes or ordinances, in the very nature of things, require the vesting of discretion in a subordinate commission or in the officer charged with the duty of enforcing the statute or ordinance; e.g., where it is impracticable to lay down a definite or comprehensive rule, or where the discretion relates to the enforcement of a police regulation *463 requiring prompt exercise of judgment." (citations omitted).
116 So.2d at 687.
The Court concluded that the statute was constitutional because the act itself prohibits the introduction or removal of contraband in all cases except where it is done through regular channels and with authority of the officer in charge. The Court further noted that, if the authority of the officer is granted, there is no crime; and, if the authority is not granted, the legislature itself made the act a crime. State v. Morgan.
Although defendant argues that this language is unconstitutional, he does not distinguish the statute as it existed at the time of the instant offense from the provisions considered and approved in State v. Morgan. Since the Louisiana Supreme Court has previously determined that the delegation of authority to the officer in charge of the institution which enables him to authorize the possession or introduction of items that otherwise would be contraband is not an unconstitutional delegation of legislative authority, we find that this assignment of error has no merit.[4]

INTRODUCTION OF PREJUDICIAL TESTIMONY
By assignments of error two and three, defendant contends the trial court erred by permitting the state to introduce prejudicial testimony by Deputy Ronnie Daigle. In assignment of error number two, defendant submits that the court erred by permitting Deputy Daigle to testify that the two pieces of wire found under defendant's mattress could be used as a dangerous weapon. In assignment of error number three, defendant argues that the trial court erred by permitting Deputy Daigle to testify about an incident wherein he was injured by an enraged inmate.
Defendant complains that Deputy Daigle was allowed to offer opinion evidence to the effect that the piece of wire could be used in a dangerous manner, (despite the fact that he was not qualified as an expert witness). He submits that the state was permitted to put inflammatory comments regarding the possible uses of the evidence before the jury; and, therefore, its admission was prejudicial.
Deputy Daigle testified that, at the time of the trial, he had been employed by the sheriff's department for sixteen months and that he had participated in routine searches of the inmates' cells. He related that the inmates were not permitted to have items that could cause injury to themselves, the deputies, the correctional officers, or law enforcement people who have access to the cells.
The state asked Deputy Daigle whether or not the lengths of wire could be used as a dangerous instrumentality. Defendant's objection, on the ground that the question called for expert testimony, was overruled. Deputy Daigle then testified that the lengths of wire either could be used to blind someone or could be stuck into someone's ear.
As a general rule, a witness can testify only as to facts within his knowledge and not as to any impression or opinion he may have. La.R.S. 15:463. However, the terms "fact" and "opinion" denote merely a difference of degree of concreteness of description or a difference in nearness or remoteness of inference. See State v. Kahey, 436 So.2d 475 (La.1983). In Kahey, the Court noted that the opinion rule operates to prefer the more concrete description to the less concrete, the direct form of statement to the inferential; and, for that reason, certain testimony which might be termed "opinion" is admissible when it is clear from the circumstances that the witness drew a reasonable inference *464 from his personal observations. 436 So.2d at 491.
Deputy Daigle testified that he was a correctional officer and that he had worked in the detention center for approximately one year before the offense. He further testified that he was familiar with the daily operations of the jail. His testimony was clearly based upon his personal observations. This assignment of error has no merit.
Defendant also contends the court erred by permitting Deputy Daigle to testify about injuries he sustained during an altercation with an inmate. Defendant submits that the testimony was irrelevant, prejudicial and highly inflammatory. Defendant acknowledges that the state did not attempt to offer evidence that defendant was the inmate who had attacked Deputy Daigle; however, he contends that the admission of this testimony was equivalent to the introduction of other crimes evidence, which is generally inadmissible.
Defendant had previously objected to the testimony of Deputy Daigle regarding the possible uses of the wire found in defendant's cell as a dangerous instrumentality. Through this testimony, the state was apparently attempting to establish that Deputy Daigle possessed personal knowledge of the manner in which a seemingly innocuous object could be used in a dangerous manner. Deputy Daigle was permitted to testify that he was cut over the eye with a pair of handcuffs with which he was attempting to subdue an unruly inmate. In light of defendant's objection to the qualifications of Deputy Daigle to offer testimony concerning the possible uses of the lengths of wire as a dangerous weapon, evidence establishing the basis of Deputy Daigle's personal observations was appropriate. The state did not attempt to establish an inference that defendant had committed the previous assault. This assignment of error has no merit.

SUFFICIENCY OF THE EVIDENCE
By assignment of error number four, defendant submits that the evidence is not sufficient to sustain the verdict. Defendant contends that the state failed to prove that he had the exclusive use of his cell block. Defendant further contends that the razor and razor blades found in his cell were issued by an officer of the institution and, thus, did not constitute contraband. Finally, defendant argues that the warden failed to give proper notice to the inmates of the objects that would be considered contraband.
The standard for review of the sufficiency of the evidence is whether or not, viewing the evidence in the light most favorable to the state, any rational trier of fact could find that the state proved the essential elements of the offense beyond a reasonable doubt. La.Code Crim.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983).
Defendant correctly asserts that the state did not attempt to prove that he had the exclusive use of his cell block, a group of six individual cells in the maximum security area of the institution. However, the state presented evidence that the items that were considered contraband, e.g., two lengths of wire, a disposable razor, and a razor blade removed from a disposable razor, were found in Cell Block G, Cell One, hidden under the mattress (the wire) or taped to the toilet (the razor and razor blade). Warden Dickie St. Germane testified that this cell was assigned to defendant. Deputy Frank Theriot testified that the cell was designed to hold one person and that no one other than defendant was assigned to it.
During the trial, defendant attempted to establish that his cell had been repainted and, therefore, the painters had access to his cell. Warden St. Germane testified, however, that at the time the contraband was discovered, the cell had not been painted. Warden St. Germane further testified that defendant's cell had been searched less than thirty days before the items were found in the cell and that contraband had not been discovered during that search.
The possession of contraband is analogous to the possession of a controlled dangerous substance. State v. Guirlando, *465 491 So.2d 38 (La.App. 1st Cir.1986). One need not physically possess a controlled dangerous substance to violate the prohibition against possession; constructive possession is sufficient. Id. In order to convict a person on the basis of constructive possession, something more than mere presence in the area where the drug is found or mere association with the person in actual custody of the drug must be shown. See State v. Cann, 319 So.2d 396 (La.1975). Guilty knowledge is an essential element of the crime of possession. State v. Edwards, 354 So.2d 1322 (La.1978). Guilty knowledge and intent, though questions of fact, need not be proven as fact, but may be inferred from the circumstances. La.R.S. 15:445.
The items of contraband were found in a cell occupied only by defendant. From the fact that the objects were hidden, any rational trier of fact could have inferred that defendant concealed them because of the guilty knowledge that institutional regulations prohibited him from having them in the cell. Therefore, viewing the evidence in the light most favorable to the state, any rational trier of fact could have found that defendant had the constructive possession of the contraband objects.
Defendant also contends that the state failed to prove the items were contraband because he presented evidence that he received the razor from Deputy Jackie Babin, the night warden. Defendant argues that, since he established that the razor was an authorized item, the razor blade, which had been removed from a razor, also must have been authorized.
Defendant presented the testimony of several inmates. Each testified that he was aware the institutional rules proscribed the possession of the razor, razor blade and pieces of wire in the cell. Nevertheless, two of the inmates testified that Jackie Babin provided a razor to defendant. However, the inmates were unable to testify if Deputy Babin intended that defendant keep the razor, if he simply forgot to pick it back up, or if the razor found in defendant's cell was the razor issued by Deputy Babin.
Warden St. Germane specifically testified that the razor found in defendant's cell was unauthorized because he did not allow the inmates to keep razors in their cells. Deputy Babin did not testify at trial. However, it is apparent that, even if he gave an additional razor to defendant as a special favor, the razor was not issued "through regular channels as authorized by the officer in charge of each correctional or penal institution", and, thus, was contraband. Moreover, even if the jurors had determined that Deputy Babin authorized defendant to have the razor, any rational trier of fact could have found that the defendant's possession of the bare razor blade, which was not explained, was not authorized and, therefore, constituted the possession of contraband.
Defendant also contends that the prison officials failed to sufficiently set forth guidelines to establish what is allowed in the prison cells. However, Warden St. Germane testified that each inmate was advised of the rules and regulations upon arrival at the facility. Moreover, several of the witnesses, including various inmates, testified that a list of inmate rules and regulations was posted in the day room and on the doors to the cell block. This list specifically provided that objects with any kind of metal or glass are not allowed in the jail. Finally, Warden St. Germane testified that a list of offenses against the institution that was drafted by the sheriff was posted in the day room of the cell block. That list warns the inmates that the possession of contraband is an offense against the institution rules.
During trial, defendant attempted to show that the inmates were allowed to have metal ball-point pens, despite the general ban on objects with metal in them. Defendant now contends that the institutional rules are inconsistent because the inmates are permitted to possess various items that are not specifically listed as acceptable and, therefore, the inmates had no way of knowing what objects would be considered contraband. We note, however, that the act proscribing this offense sets forth a list of contraband items. Testimony *466 during the trial established that the inmates are given actual and constructive notice of the institutional rules and regulations. Moreover, despite the confusion claimed by defendant, each of his witnesses testified that the objects found in defendant's cell were not authorized. We find, therefore, that this assignment of error has no merit.

REFUSAL TO GIVE JURY INSTRUCTION
By assignment of error number five, defendant submits that the trial court erred by refusing to give a proposed jury instruction based upon La.R.S. 14:16. Defendant requested the court to instruct the jury that, unless there is a provision to the contrary in the definition of a crime, reasonable ignorance of fact or mistake of fact which precludes the presence of any mental element required in that crime is a defense to any prosecution for that crime.
The trial court did not err by refusing to charge the jury as requested. Defendant contends that the charge was supported by the evidence, apparently referring either to his claim that the razor was not contraband because it was given to him by one of the jailors, or to his claim that he was not given sufficient notice of the items that constituted contraband. However, even if defendant were mistaken in his belief that the items were contraband, La.R.S. 14:16 provides only that a mistake of fact is a defense where the reasonable mistake of fact precludes the presence of any mental element required in that crime. La.R.S. 14:402 does not require the presence of either general or specific criminal intent; rather, the possession of contraband in a penal institution is criminal per se. Thus, a mistake of fact would not constitute a defense to the crime.
A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. La.Code Crim.P. art. 807. Defendant's special requested charge was not wholly correct because the doctrine of mistake of fact was inapplicable. Therefore, the trial court did not err by refusing to instruct the jury as charged.
Therefore, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Defendant was convicted of manslaughter in 1986, and sentenced to serve a term of twenty-one years at hard labor. See State v. Converse, 515 So.2d 601 (La.App. 1st Cir.1987). According to the presentence investigation, the instant offense was committed while defendant was awaiting trial for manslaughter.
[2] La. Const. Art. 2, § 2, provides as follows:

Except as otherwise provided by this constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others.
[3] La.R.S. 14:402 was substantially rewritten by Acts 1986, No. 989, and former section 14:402 C has been redesignated 14:402 E. The instant offense occurred on October 4, 1985.
[4] Defendant does not argue that the statute is unconstitutional because it specifically provides that the list of contraband articles is not exclusive and, thus, implicitly delegates the authority to declare an item contraband. However, such a provision does not render the statute invalid. It is apparent that this provision is simply a recognition of the fact that the officer in charge of a penal institution is likely to face situations wherein it is impracticable to lay down a comprehensive rule, and the enforcement of a police regulation may require the prompt exercise of judgment.