CLARK, J., would grant.
CRICHTON, J., would grant and assigns reasons.
CRICHTON, J., would grant and assigns reasons.
*267 I would grant and docket the State's writ application to re-examine the holding of State v. Jackson , namely that the trial judge must inform the jury, upon request by defendant, of the statutory penalty to be imposed upon defendant if he or she is found guilty when the penalty is mandatory life imprisonment. 450 So. 2d 621, 633-34 (La. 1984). See , e.g. , State v. Harris , 258 La. 720, 247 So. 2d 847, 851 (1971) ("[W]hen the penalty is the responsibility of the judge alone, the sentencing law is an improper subject for argument to the jury."); State v. Guidry , 2016-1412 (La. 3/15/17), 221 So. 3d 815, 830 (Crichton, J. concurring) ("The Louisiana Constitution imbues the legislature with the sole authority to define conduct as criminal and provide penalties for such conduct. La. Const. art. 3, § I ; State v. Taylor , 479 So.2d 339, 341 (La. 1985) ... 'the jury is the judge of the law and of the facts on the question of guilt or innocence,' but the court imposes the penalty in non-capital cases. La. C.Cr.P. arts. 802, 871.").