ARMSTRONG, Judge.
Defendant, Rodney Benjamin was charged with a violation of La.R.S. 40:967(A), relative to the offense of distribution of cocaine. After trial, a twelve member jury found him guilty of possession of cocaine in violation of R.S. 40:967(C). He was sentenced to serve two years at hard labor. Defendant now appeals raising one assignment of error.
At trial David Jenkins, an undercover agent with the Drug Enforcement Administration (DEA), testified that on October 14, 1987, he telephoned defendant whom he had met through an informant and arranged to go to defendant’s house to purchase cocaine. According to Agent Jenkins, the defendant met the agent, made a few telephone calls, and together they drove in the agent’s beige pickup truck to Aurora Village Shopping Center where defendant went into the mall. He returned with an ounce of cocaine which he sold to David Jenkins for $1500. Raymond Gibbs also of the DEA testified that he was part of the backup team providing surveillance for Agent Jenkins. He said that on October 14, 1987, he followed defendant and Jenkins to the Aurora Shopping Center, saw the defendant exit the beige pickup truck, and enter the mall. Raymond Gibbs followed defendant into the mall and saw him use the telephone there. Gibbs did not see defendant meet anyone in the mall. Gibbs left the area before the defendant to avoid suspicion; he waited in the parking lot until he saw the defendant return to the pickup truck, and get in. The defendant testified that when he arrived home on October 14, 1987, Jenkins and one of defendant’s friends were there. Defendant was told by his friend that Jenkins wanted to buy drugs; defendant told the two men that he would have nothing to do with the transaction and they drove off together. Defendant denied going to the mall or selling cocaine to Agent Jenkins.
On appeal defendant contends that the trial court erred in imposing an excessive *170 sentence. After reviewing this assignment of error we find it has no merit. Possession of cocaine is punishable by imprisonment with or without hard labor for not more than five years and by a possible fine of not more than five thousand dollars. La.R.S. 40:967(C)(2). Defendant was sentenced to two years at hard labor and no fine was imposed. Thus, the sentence is within the statutory limits.
A sentence may be unconstitutionally excessive, even though within statutory limits, if it is “grossly out of proportion to the severity of the crime” or “is nothing more than a purposeless and needless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616 (La.1984), cert. den. 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). Aggravating and mitigating factors must be considered by the trial court in imposing sentence. The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). The transcript of the sentencing hearing indicates that the trial court considered the guidelines set out in La.C.Cr.P. Art. 894.1. The trial court noted:
The facts adduced at trial show simply that the defendant negotiated with an undercover agent of the Drug Enforcement Administration and sold him an ounce of cocaine for sixteen hundred dollars _ The defendant is thirty-one, ... years old, single and claims to be a merchant seaman. In view of this fact, the Court would be inclined to be lenient. However, there is another pending charge of possession of cocaine pending which offense was allegedly committed after the commission of the instant offense, and which enforces the Court’s opinion that this defendant was trafficking in cocaine.
Furthermore, there has been no showing of remorse, the defendant testified a(t) trial that he had been framed and there aren’t any mitigating circumstances.
A review of the record reveals that the sentence is not severe in relation to the defendant or the offense committed. The sentence is clearly within the permissible limits of discretion of the trial court and is, therefore, not excessive. State v. Blue, 315 So.2d 281 (La.1975).
For the foregoing reasons defendant’s conviction and sentence are affirmed.
AFFIRMED