## STATE OF LOUISIANA *v.* C. H. MYHAND.

In the punishment of offences, where the law leaves it to the discretion of the court, the discretion of the court does not extend to the infliction of the penalty of imprisonment at hard labor.

APPEAL from the Sixth District Court of West Baton Rouge, *Robertson*, J. *J. D. Stuart*, District Attorney, for the State. *R. G. Beale* and *D. N. Barrow*, for defendant and appellant.

MERRICK, C. J. The defendant was indicted for an assault with a dangerous weapon. The jury found him guilty of an assault and battery, and the court sentenced him to pay a fine of $20, and to be imprisoned in the jail for thirty days.

The defendant appealed. We have no jurisdiction of the case; the offence charged in the indictment is provided for by the 10th section of the Act of 1855, page 131, and the punishment is fine or imprisonment, or both, at the discretion of the court.

We do not understand the discretion of the court to extend to the infliction of the penalty of imprisonment at hard labor. Acts 1855, p. 151, §6.

The jurisdiction of this court is conferred by the 62d Article of the Constitution, which, among other things gives this court appellate jurisdiction in all

criminal cases on questions of law alone, whenever the offence charged is punishable with death or imprisonment at hard labor, or when a fine exceeding $300 is actually imposed.

The 26th section of the Act of 14th of March, 1855, page 154, merely follows, but adds no force to these provisions of the Constitution. It must be considered as merely providing that appeals in criminal cases may be taken without giving bond.

It is clear that the case of the defendant does not fall within the category of cases in which appeals are allowed by the Constitution.

It is, therefore, ordered, adjudged and decreed, that the appeal taken in this case be dismissed at the costs of the appellant,