State vs. Ryder.

---

No. 8975.

THE STATE OF LOUISIANA vs PERRY RYDER.

The assistant district attorney of the parish of Orleans has authority to prepare, sign and file an information regardless of the presence or absence of the district attorney, or his inability from sickness.

Where a statute declares that the punishment for a certain offense shall not exceed a stated number of years, with or without hard labor, and also authorizes the imposition of a fine, and the accused is sentenced to imprisonment at hard labor for the entire term declared

and to the payment of a fine, there is no warrant in law for the infliction of the additional punishment *at hard labor* for another year in default of paying the fine.

APPEAL from the Criminal District Court for the Parish of Orleans. *Roman*, J.

*J. C. Egan*, Attorney General, for the State, Appellee.

*W. L. Evans* for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. The defendant was convicted of inflicting a wound less than mayhem and sentenced (quoting): " to pay a fine of five hundred dollars, inclusive of costs of prosecution, and to suffer imprisonment at hard labor, in the State penitentiary, for the term of two years, and in default of payment of said fine at the expiration of said sentence, to suffer additional imprisonment at hard labor, in the State penitentiary, for one year, and to pay costs of prosecution."

The conviction was on an information signed by the assistant district attorney and filed in court by the district attorney.

1. The first complaint is that the assistant district attorney had no authority to prepare and sign the information and initiate the prosecution, except where the district attorney was sick or absent.

The law on this point is as follows :

" There shall be a district attorney for the parish of Orleans, who shall possess the same qualifications and be elected in the same manner and for the same period of time as the district attorneys for other parishes, as provided by this Constitution.

" He shall receive a salary of one thousand dollars per annum and such fees as may be allowed by law ; but no fee shall be allowed in criminal cases except on conviction.

" He may appoint an assistant at a salary not to exceed fifteen hundred dollars per annum." Art. 134, Constitution, p. 35.

" That it shall be the duty of the district attorney *and* assistant district attorney, of the parish of Orleans, *to conduct the prosecution of all criminal cases coming before the criminal courts of said parish.*" Sec. 2, Act No. 96, p. 122, of 1880.

We are satisfied that under these provisions the authority of the officer in question was ample, whether the district attorney was present or absent, or unable from sickness to perform the duty.

2. The legality of the sentence quoted above is denied.

Section 794, R. S., provides : " Whoever shall, with a dangerous weapon or with intent to kill, inflict a wound less than mayhem upon

another person, shall, on conviction, be imprisoned not exceeding two years nor less than six months, with or without hard labor, and be fined not exceeding one thousand dollars."

Section 980, R. S., provides that "every person being adjudged to pay a fine, shall, in default of payment or recovery thereof, be sentenced to be imprisoned for a period not exceeding one year."

The first section limits the term of imprisonment within two years and leaves it discretionary with the judge to make it with or without hard labor.

Of course, if this section stood alone, the sentence in question would be excessive and unwarranted.

Is there anything in the last section that authorizes the judge to inflict a punishment, for this offense and for non-payment of the fine, of more than two years' imprisonment at hard labor? Unless the last provision furnishes a clear warrant for such punishment, beyond two years—the extreme limit declared in the first section mentioned—it cannot prevail against the positive declaration of the first. Criminal statutes, especially those providing or declaring the penalties of the law, must be strictly construed.

The penalty for the offense charged in this case, inflicting a wound less than mayhem, as seen from section 794, is imprisonment with or without hard labor, but, touching the further and conditional punishment provided, for not paying the fine imposed, the alternative made, with or without hard labor, is not expressed.

This suggests the inquiry as to where the judge finds his warrant for naming imprisonment at hard labor as the kind of imprisonment meant for this further punishment. The statute is silent as to the kind to be imposed in such contingency. Where then is the authority to supply the omission and resolve the doubt by designating the harsher penalty? Can we readily suppose that the law-maker intended that any officer or tribunal in the State should possess the power to doom a man to hard labor in the penitentiary, unless the law declared and fixed this severe and infamous punishment in terms that could not be misunderstood?

Yet the law in this instance does not so expressly declare, and the power to inflict this mode of punishment can only result from implication, and implication in a matter of this kind is not allowable. Even if it were, it cannot be fairly or reasonably implied that the word or term "imprisonment" meant imprisonment at hard labor. In truth, in criminal matters and in criminal parlance, so to speak, there is a

recognized distinction between the terms imprisonment and imprisonment at hard labor, and the accepted meaning of the former is imprisonment without hard labor, almost as fully so as if the qualifying words were attached or expressed.

We, therefore, conclude that there is no clear warrant in law for that part of the sentence in the instant case that inflicts the penalty of imprisonment at hard labor for non-payment of the fine.

Under established precedents, we could correct the sentence in this respect, leaving intact that part of it which is unassailed, but, after due reflection, we deem it preferable in this instance to set aside the entire sentence and remand the case for the purpose that the judge *a quo* may re-sentence the accused under the restriction herein announced.

It is, therefore, ordered, adjudged and decreed that the sentence appealed from is annulled and set aside and the case remanded to the lower court for the purpose hereinbefore stated, to be proceeded with according to law, in conformity to the views herein expressed.