State vs. Hyland.

| 36 | 709 |
| 45 | 501 |
| 36 | 709 |
| 112 | 472 |
| 36 | 709 |
| 118 | 250 |

## No. 9182.

### THE STATE OF LOUISIANA VS. JOSEPH HYLAND.

New trials in criminal cases are not grantable for newly discovered evidence if it be only cumulative.

The word 'imprisonment' alone and unqualified, when used in criminal statutes, is in contradistinction to 'imprisonment at hard labour,' and means any other confinement than the latter.

Where the punishment of a crime is imprisonment at hard labour and a pecuniary fine, and both are inflicted, and in default of payment of the fine, the criminal is sentenced to another term of imprisonment at hard labour, the alternative punishment must be altered to imprisonment.

Every convicted criminal should be adjudged to pay the costs of the prosecution, and should be compelled to pay them, if legal process can be made effective.

APPEAL from the Criminal District Court for the Parish of Orleans. *Roman*, J.

*J. C. Egan*, Attorney General, for the State, Appellee.

*Jas. C. Walker*, for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J.    This case was remanded with instructions to the lower judge to hear and preserve the testimony of the witnesses offered by the defendant in support of his affidavit on his motion for a new trial, and to consider the same and to act thereon.    The judge has obeyed those instructions, and has refused a new trial.

Two of those witnesses were no longer accessible.    One of them had left the State, and the other could not be found.    A third witness is not produced nor is his affidavit, and his absence is not accounted for. The affidavit of the fourth witness is alone taken, and the judge permitted that to be supplemented by two others whose names were not in the original application.

The judge states that this new testimony is identical in character with that given on the trial—that it is merely a repetition of what was sworn by others before the jury, and that the counter testimony prevailed, was believed by the jury, and a conviction followed.

New trials are not grantable for newly discovered evidence if it be only cumulative. Roberts v. State, 3 Kelly, 310; Com. v. Flanagan, 7 Watts & Serg. 415; Com. v. Murray, 2 Ashmead, 41; Com. v. Williams, 2 Ashm. 69; Giles v. State, 6 Geo. 276.

It cannot be expected that we should order a new trial because two of the witnesses are not accessible. If they could not be had when their affidavits were needed on the trial of this motion, they cannot be had for a new trial on the merits. There is no suggestion that there is any probability or possibility they can ever be reached. But the defendant has not been injured by their disappearance. On turning to his affidavit and motion for a new trial in the former transcript, which is brought up with this, their names are mentioned along with the others, and the nature of the testimony they would have given is stated, and it is the same with all, and is therefore only cumulative like that of the others.

The sentence is identical with that in Ryder's case, wherein we held that the word 'imprisonment' alone and unqualified, when used in criminal statutes, does not import imprisonment at hard labour, and therefore when one has been sentenced to imprisonment at hard labour for a crime and to a pecuniary fine in addition thereto, and in default of payment of the fine to another term of the same kind of imprisonment, the latter part of the sentence is illegal. The sentence of this prisoner to the full term of two years at hard labour and to a fine is legal, and he may be sentenced, in default of paying the fine, to imprisonment otherwise than at hard labour for not longer than one year. Rev. Stats. sec. 980.

Another correction is prayed of what is termed an inadvertence or irregularity in the sentence whereby an ambiguity is introduced to the prisoner's prejudice. The sentence *quoad* the fine fixed it at five hundred dollars inclusive of costs, and in default of payment, inflicted additional imprisonment and "to pay the costs."

There is no ambiguity and no inadvertence since it is the duty of every judge presiding at criminal trials to condemn every party convicted to pay the costs, and to compel him to pay them if legal process can be made effective.

The sentence is perfectly intelligible. If the defendant shall pay five hundred dollars, that discharges the fine and costs. If he does not pay that sum, he must suffer one year's imprisonment, but must pay the costs in any event.

The case must be remanded for the sole purpose of sentencing the defendant anew.

It is therefore ordered and decreed that the judgment below is set aside, and the case is remanded for sentence to be passed upon the prisoner according to law.