(113 So. 816)

No. 28448.

## HULL v. DONZE.

July 11, 1927.

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⚬⇒1217—Sentence of imprisonment in parish prison for possessing stolen property is sentence of imprisonment without hard labor; "imprisonment at hard labor;" "imprisonment" (Rev. St. § 984; § 832, amended by Act, No. 72 of 1898).

"Imprisonment at hard labor," under Rev. St. § 984, and imprisonment in penitentiary or state prison, being synonymous, and "imprisonment" meaning "imprisonment without hard labor," sentence of imprisonment in parish prison or county jail for possessing stolen property, under Act No. 72 of 1898, amending Rev. St. § 832, is sentence of imprisonment without hard labor.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Imprison—Imprisonment.]

2. **Divorce** ⚬⇒24—Spouse's punishment must be infamous, to authorize divorce suit by other spouse, regardless of nature of crime (Rev. Civ. Code, art. 139).

Punishment to which spouse is sentenced must be "infamous," to give rise to action for divorce on part of other spouse, under Rev. Civ. Code, art. 139, and nature of crime of which convicted is immaterial.

3. **Divorce** ⚬⇒24—Whether spouse's punishment is "infamous," within Divorce Act, depends on whether it involves death or imprisonment at hard labor or in state prison (Rev. Civ. Code, art. 139).

Whether punishment to which spouse is sentenced is "infamous," so as to entitle other spouse to divorce, under Rev. Civ. Code, art. 139, depends on whether it involves death or imprisonment at hard labor or in penitentiary or state prison.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Infamous.]

4. **Divorce** ⚬⇒24—Sentence of imprisonment in parish prison is not "infamous punishment," entitling spouse to divorce (Rev. Civ. Code, art. 139).

Sentence of spouse to imprisonment in parish prison is not an "infamous punishment," within Rev. Civ. Code, art. 139, so as to entitle other spouse to divorce.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Infamous Punishment.]

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Suit by Mrs. Aline Hull against Gaspar Donze. From a judgment refusing to confirm a default and dismissing the suit, plaintiff appeals. Affirmed.

Wm. R. Kinsella and Richard A. Dowling, both of New Orleans, for appellant.

ST. PAUL, J. This is an appeal from a judgment refusing to confirm a default and dismissing plaintiff's suit.

Plaintiff sued defendant, her husband, for a divorce on the ground that defendant had been "found guilty of the crime of having stolen property in his possession [knowing it to be stolen] * * *, and sentenced to serve nine months imprisonment [in the parish prison; i. e., county jail]."

### I.

[1] The penalty fixed for the above-named offense is "imprisonment, with or without hard labor, not exceeding two years." Act 72 of 1898, p. 95 (amending Rev. Stat. of 1870, § 832).

Imprisonment "at hard labor" means imprisonment in the penitentiary; i. e., state prison. Rev. Stat. 1870, § 984. And imprisonment in the penitentiary, or state prison, means imprisonment "at hard labor." State v. Davis, 121 La. 623, 46 So. 673. Cf. note in 27 L. R. A. 597. The two terms are therefore synonymous.

On the other hand, "there is a recognized distinction between the terms 'imprisonment' and 'imprisonment at hard labor,' and the accepted meaning of the former is imprisonment without hard labor, almost as fully so as if the qualifying words were attached or expressed." State v. Ryder, 36 La. Ann. 294.

See, also, State v. Hyland, 36 La. Ann. 709; State v. Myhand, 12 La. Ann. 504.

So that a sentence of imprisonment in a parish prison or county jail is a sentence of imprisonment "without hard labor," since it is neither "at hard labor" nor in the penitentiary, or state prison, which would mean the same thing.

### II.

[2] R. C. C. art. 139, provides that either spouse may obtain a divorce when the other spouse has been "sentenced to an infamous punishment." And the question here presented is whether this defendant has been sentenced to an "infamous punishment"; for, as observed by the district judge:

"The codal article says nothing about the nature of the crime of which the spouse may have been convicted, but speaks only of the punishment inflicted; and the punishment must be infamous in order to give rise to an action for divorce on the part of the other spouse."

### III.

[3] But, as hereinabove set forth, the penalty imposed on this defendant was neither imprisonment "at hard labor" nor imprisonment in the penitentiary or state prison (which is the same thing), but only imprisonment in a parish prison, or county jail; i. e., without hard labor.

And the test of whether a punishment be or be not *infamous* is whether such punishment does or does not involve [death or] imprisonment "at hard labor" or in the penitentiary or state prison. State v. Hutchinson, 163 La. 146, 111 So. 656; Ex parte McClusky (C. C.) 40 F. 71; Ex parte Wilson, 114 U. S. 426, 5 S. Ct. 935, 29 L. Ed. 89; Mackin v. United States, 117 U. S. 348, 6 S. Ct. 777, 29 L. Ed. 909; 8 R. C. L. 53, note 5; 16 Corp. Jur. 60, note 6; 31 Corp. Jur. 568, notes 49, 50, 51.

### IV.

[4] The district judge thereupon says:

"As I understand, from 36 years' practice at the bar and 8 years on the bench, the bench and bar [and public] of this state have never considered a sentence to the parish prison an *infamous punishment* within the meaning of the codal article [R. C. C. art. 139], * * * and I am of the opinion that the common belief of bench, bar and public (to wit, that the infamous punishment meant by the article of the Code is either a sentence to death by hanging, which is infamous, or a sentence to the penitentiary at hard labor, which carries infamy with it), is the true interpretation of the codal article."

We agree with the district judge that a sentence of imprisonment in a parish prison is not an "infamous punishment," within the meaning of R. C. C. art. 139.

### Decree.

The judgment appealed from is therefore affirmed.