STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-1572

STATE OF LOUISIANA

VERSUS

CHRISTOPHER WARDSWORTH

**********
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 271,995
HONORABLE BRUCE C. BENNETT, JR., DISTRICT JUDGE

**********
**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**
**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and
James T. Genovese, Judges.

**REMANDED FOR RESENTENCING.**

Honorable James C. Downs
District Attorney - Parish of Rapides
Thomas C. Walsh, Jr.
Assistant District Attorney
P. O. Drawer 1472
Alexandria, LA 71309-1472
Telephone:  (318) 473-6650
COUNSEL FOR:
        Plaintiff/Appellee - State of Louisiana

Mary Constance Hanes
Louisiana Appellate Project
P. O. Box 4015
New Orleans, LA 70178-4015
Telephone:  (504) 866-6652
COUNSEL FOR:
        Defendant/Appellant - Christopher Wardsworth

Christopher Wardsworth
Vernon Correctional Facility
2294 Slagle Road
Leesville, LA 71446-6874

THIBODEAUX, Chief Judge.

Defendant, Christopher Wardsworth, appeals as excessive the imposition of two concurrent twenty-seven-year sentences at hard labor, without benefit of probation, parole, or suspension of sentence for a jury conviction of two counts of armed robbery with a firearm, in violation of La.R.S. 14:64 and La.R.S. 14:64.3.

We reject the Defendant's contention that the sentences are excessive, but remand for resentencing for the reasons which follow.

### *Excessiveness of the Sentences*

Defendant and his cousin robbed two convenience stores in Alexandria. The same method was used in each instance. Defendant accompanied his cousin to the businesses and waited outside while his cousin robbed the store clerks at gunpoint. The gun belonged to the Defendant. Under these circumstances, Defendant argues that his sentences are excessive.

This court has set forth the following standard for reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 01-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

This court has also determined the factors to be considered in deciding whether a sentence shocks one's sense of justice, makes no meaningful contribution to acceptable penal goals, or is a needless infliction of pain and suffering:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Defendant was convicted of two counts of armed robbery with a firearm. As a result, the trial court sentenced Defendant to serve twenty-seven-years at hard labor on each conviction, which included the mandatory five-year firearm sentence enhancement with each sentence. It then designated that the sentences were to be served concurrently. The sentencing range to which Defendant was exposed for committing armed robbery was a minimum of ten years at hard labor and a maximum of ninety-nine years at hard labor. La.R.S. 14:64. The firearm enhancement added an additional five years to be served consecutively to each of the armed robbery sentences. La.R.S. 14:64.3.

At the sentencing hearing, the trial court made the following findings in Defendant's case: 1) suspension of sentence and probation were inapplicable to the

crimes Defendant committed; 2) Defendant was in need of correctional treatment; 3) Defendant's actions were part of a fifty percent increase in armed robberies throughout Rapides Parish in 2004; 4) Defendant would not work for money because he decided that it was easier to steal it; 5) Defendant was smarter than his cousin whom Defendant convinced to commit the robberies while Defendant waited for his cousin to bring him the money; 6) Defendant participated in the crimes even though his cousin was the person who went in with the gun and brought the money to Defendant; 7) Defendant furnished his cousin with the gun, which was returned to him after each robbery was completed; 8) armed robbery is the type of crime where things can go wrong and people can get killed; 9) Defendant's victims were vulnerable because they were working late at night trying to make an honest living; 10) the victims were both threatened with and placed in danger of death or great bodily harm both by Defendant and by his cousin's use of the pistol; 11) the trial court hoped that the sentences would be an example to "any other young men who feel like they can go around making easy money with a gun."

After defense counsel objected to the sentences as being excessive and stated that Defendant was working as a cook at McDonald's when the robberies were committed, the trial court stated that it would not reconsider the sentences.

Defendant's appellate brief argues that the sentences for these "crimes of youth" are excessive because Defendant was nineteen when the robberies occurred and twenty at the time of sentencing. Defendant also argues that the sentences are excessive because he was never offered an opportunity for rehabilitation and because he will never be able to reform under the length of the current sentences. Defendant points out that he was employed at the time of the offenses and that, at the hearing, his mother showed her support.

The trial court did not abuse its discretion in sentencing Defendant to serve two concurrent twenty-seven-year sentences. Each of Defendant's sentences are less than a third of the maximum number of years to which he could have been sentenced. Also, the two offenses occurred a month apart at separate places of business, which could have resulted in consecutive sentences. Therefore, we conclude that Defendant's sentences are not excessive.

## ERRORS PATENT

The trial court failed to render a determinate sentence as required by La.Code Crim.P. art. 879. First, the minutes of sentencing do not clearly state that the twenty-seven-year sentences included the five-year enhancement pursuant to La.R.S. 14:64.3. Additionally, since the trial court imposed each twenty-seven-year sentence at hard labor, the additional five-year sentences imposed pursuant to La.R.S. 14:64.3 were also ordered to be served at hard labor. The transcript of sentencing narrates the sentence as follows:

> THE COURT:
>
> The law is that the use of a firearm enhances, increases the amount of time by five years. Uh. I am including that five years. I'm going to sentence you to the custody of the Department of Corrections with the State of Louisiana for a period of 27 years. And that is without benefit of - uh - parole. You understand that? And I hope this is an example to any other young men who feel like they can go around making easy money with a gun.

However, the additional five-year sentence imposed under La.R.S. 14:64.3 must be imposed without hard labor:

> Pursuant to La.R.S. 14:64.3, the trial court sentenced the Defendant to five years at hard labor without benefit of probation, parole or suspension of sentence, to be served consecutive to the sentence imposed for armed robbery. When the Defendant committed the present offense, La.R.S. 14:64.3 provided:

4

When the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this Section shall be served consecutively to the sentence imposed under the provisions of R.S. 14:64.

This provision does not provide for the sentence imposed to be served at hard labor. Thus, the trial court erred in ordering the additional five-year sentence to be served at hard labor. In *State v. Williams*, 01-1398 (La.App. 1 Cir. 3/28/02), 815 So.2d 378, *writ denied*, 02-1466 (La. 5/9/03), 843 So.2d 388, the first circuit found that even though La.R.S. 14:64.3's failure to provide for imprisonment at hard labor may have been a legislative oversight, any ambiguity must be resolved in favor of the defendant. Accordingly, the court found that a term of imprisonment imposed pursuant to La.R.S. 14:64.3 could not be imposed at hard labor. *See also State v. Hyland*, 36 La.Ann. 709 (1884), wherein the court stated "that the word 'imprisonment' alone and unqualified, when used in criminal statutes, does not import imprisonment at hard labor. . . ." *Id*. at 710.

Accordingly, we find the five-year sentence imposed pursuant to La.R.S. 14:64.3 should be amended by deleting the provision requiring the sentence to be served at hard labor. Therefore, we will remand the case and order the trial court to correct the minutes accordingly.

*State v. Daniels*, 03-1621, pp. 2-3 (La.App. 3 Cir. 5/12/04), 873 So.2d 822, 825, *writ denied*, 04-1802 (La. 11/24/04), 888 So.2d 227. Likewise, in the present case, the twenty-seven-year sentences, each including the five-year enhancement per count for armed robbery pursuant to La.R.S. 14:64.3, were erroneously imposed entirely at hard labor.

Furthermore, we note the minutes of sentencing may be interpreted as stating that only one sentence was imposed for both counts of armed robbery. The minutes state the following regarding the sentence imposed:

Court sentenced accused for ROBBERY, ARMED, WITH F/A. ROBBERY, ARMED, WITH F/A. Court sentenced

accused to be committed to the Louisiana Department of Corrections. Accused to serve 027 Year(s). Sentence is to be served at Hard Labor. Sentence is to run concurrent. Sentence to be without benefit of parole.

After reviewing the record, the numerous errors amount to an erroneous sentencing and cannot be cured by merely amending the minutes to reflect an accurate sentence. We, therefore, remand to the trial court for the correct imposition of the two, twenty-seven-year sentences and direct that the minutes clearly reflect the imposition of a twenty-seven-year sentence on *each count* of armed robbery.

Finally, the trial court also erroneously advised Defendant of the time period for filing post conviction relief. The minutes of sentencing state that the trial court "advise[d] the accused he has two years to file for post conviction relief." According to the transcript of sentencing, however, the trial court advised the Defendant "that any application for post conviction relief must be filed within two years *of this date*." (Emphasis added). Under La.Code Crim.P. art. 930.8, the Defendant has two years *after the judgment of conviction and sentence have become final* to apply for post conviction relief.

The trial court is instructed to inform Defendant of the correct provisions of Article 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that Defendant received the notice in the record of the proceedings or, alternatively, informing him personally at the time of resentencing.

## CONCLUSION

The Defendant's sentences are not excessive. However, we remand to the trial court for resentencing so that the Defendant may be personally present during the imposition of the additional five-year sentences without hard labor pursuant to La.R.S. 14:64.3. The imposition of sentence must be done on each count of armed

robbery and the court minutes should reflect the imposition of sentence on each count.

The trial court is instructed to inform Defendant of the correct provisions of Article 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that Defendant received the notice in the record of the proceedings or inform him personally at the time of resentencing.

**REMANDED FOR RESENTENCING.**