NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**09-839 consolidated with 09-841**

**STATE OF LOUISIANA**

**VERSUS**

**TERRELL STIPE**

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NOS. 18,223-06 AND 18,225-06
HONORABLE ALVIN TURNER, JR., DISTRICT JUDGE

**********

**OSWALD A. DECUIR
JUDGE**

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and David E. Chatelain,[*] Judges.

**CONVICTIONS AFFIRMED; SENTENCE VACATED;
REMANDED WITH INSTRUCTIONS.**

**Donald D. Candell**
**Assistant District Attorney**
**P. O. Drawer 1899**
**Gonzales, LA 70707-1899**
**(225) 644-4942**
**Counsel for Plaintiff/Appellee:**
      **State of Louisiana**

---

[*] Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**W. Jarred Franklin**
**Louisiana Appellate Project**
**3001 Old Minden Road**
**Bossier City, LA 71112**
**(318) 746-7467**
**Counsel for Defendant/Appellant:**
**      Terrell Stipe**

**DECUIR, Judge.**

Defendant, Terrell Stipe, was charged in Ascension Parish by bill of information with one count of carjacking, a violation of La.R.S. 14:64.2, and one count of armed robbery and armed robbery with the use of a firearm, violations of La.R.S. 14:64 and 14:64.3. Defendant moved for a change of venue which was granted, and the case was transferred to Calcasieu Parish. Defendant filed several motions to suppress, seeking to exclude confessions, inculpatory statements, and an identification made by the Victim in a photographic lineup. The State notified Defendant of its intent to use other crimes evidence.

After a hearing, the trial court determined that Defendant did not make a confession or any inculpatory statements and denied his motion to suppress the photographic identification. On the morning of trial, the trial court found that the State's other crimes evidence was admissible. Defendant then waived his right to a jury trial and elected a bench trial. On November 30, 2006, the trial court found Defendant guilty as charged.

For unspecified reasons, Defendant was not sentenced until February 26, 2009. Prior to sentencing, on February 23, 2009, Defendant filed a motion for new trial which was denied on the date of the sentencing hearing. Defendant then waived the twenty-four hour time delay for sentencing after a motion for new trial has been denied. He was ordered to serve fifty years imprisonment at hard labor for the offense of armed robbery and armed robbery with the use of a firearm, and ten years at hard labor for the offense of carjacking, the sentences to be served concurrently with each other and with any other sentence he was serving at the time. Defendant moved for reconsideration, which was denied in open court.

Whereas each offense was charged by a different bill of information, Defendant filed two timely appeals under each lower court docket number. He then filed a motion to consolidate which was granted by this court. Defendant now asserts four assignments of error: (1) insufficient evidence to sustain the verdicts of armed robbery and carjacking; (2) error in the denial of the motion to suppress; (3) error in the denial of the motion for new trial; and (4) imposition of an excessive sentence.

For the following reasons, we affirm both convictions as well as the carjacking sentence of ten years; however, the sentence imposed on the conviction for armed robbery and armed robbery with the use of a firearm is vacated and remanded.

## ASSIGNMENT OF ERROR NUMBER ONE:

Defendant first argues that the evidence was insufficient to prove beyond a reasonable doubt that he robbed the Victim at gunpoint and stole his car. Evidence of Defendant's identity centers on the testimony of the Victim who picked Defendant from a photographic lineup of six men. Our review of the record reveals the following testimony.

On November 10, 2005, the Victim, Lakeith Mitchell, drove his aunt to the Circle K store in Gonzales. He waited in his car as she shopped, but at one point, he went inside the store to check on her. As Mitchell walked out of the store, he noticed a silver car with two black men in it drive into the parking lot and stop behind the gas pumps. Mitchell testified that after he got back into the driver's seat of his car, someone opened the car door. He looked up and saw a man pointing an assault rifle right at him. The man, later identified as Defendant, ordered him into the passenger seat of the car. Defendant then got into the driver's seat, rested the rifle against the head rest behind Mitchell's neck, and drove the car out of the parking lot onto Airline

2

Highway. The silver car which Mitchell had previously seen drive into the parking lot followed close behind.

Shortly thereafter, Defendant told Mitchell to empty his pockets, which he did, placing his wallet containing $35.00 and his cell phone on the seat. Defendant then pulled the vehicle over and ordered Mitchell out of the car. Mitchell stated that he threw himself out of the car and onto the shoulder, hoping to avoid being shot, while Defendant drove off in his car with the silver car following. Mitchell ran to a trailer parked off the road and called 911 to report the crime. The police picked him up at the trailer, drove back to the Circle K and secured the surveillance tape, then went to the police station where Mitchell gave a statement. Mitchell was arrested at that time on outstanding warrants.

Three weeks later, Mitchell was asked to view a photographic lineup. A police officer came to his house, and Mitchell picked Defendant from an array of six photographs as the man who robbed him and took his car. He stated that he picked Defendant out immediately and had no doubt the person in the photo was the perpetrator of the crime. He also said that he did not know Defendant prior to this incident.

In brief, Defendant argues Mitchell's description of the carjacker was vague and devoid of obvious details such as Defendant's prominent tattoo, facial features, or gold teeth. He asserts that a momentary glance at a robber is insufficient to allow proper identification of Defendant from a photo lineup shown twenty-five days after the robbery. Defendant further argues that the police officers' failure to adequately investigate the crime reveals an absence of proof of the identity of the carjacker. He points out that the police did not make any attempt to identify the second person in

the silver car, recover the weapon used in the robbery, or investigate the Victim's cell phone records. Nevertheless, the trial court found the Victim's testimony regarding his identification of Defendant to be credible.

The Louisiana Supreme Court discussed the issue of identity in *State v. Bright,* 98-398, p. 22-23 (La. 4/11/00), 776 So.2d 1134, 1147:[1]

> When a key issue at trial is whether the defendant was the perpetrator of the crime, the State is required to negate any reasonable probability of misidentification in order to carry its burden of proof beyond a reasonable doubt. *State v. Smith,* 430 So.2d [31] at 45 [La.1983]; *see also State v. Brady,* 414 So.2d 364, 365 (La.1982); *State v. Long*, 408 So.2d 1221, 1227 (La.1982). The fact-finder weighs the respective credibilities of the witnesses, and this court will generally not second-guess those determinations. *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983). However, we are mindful that the touchstone of *Jackson v. Virginia* [443 U.S., 307, 99 S.Ct. 2781 (1979)] is rationality and that "irrational decisions to convict will be overturned, rational decisions to convict will be upheld, and the actual fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law." *State v. Mussall,* 523 So.2d [1305] at 1310 [La.1988].

A prosecution may be based on a single eyewitness's testimony, and that testimony is subject to the credibility evaluations of the factfinder. In *Bright*, the supreme court upheld the conviction even though the eyewitness recalled few details of the defendant's appearance. The supreme court held: "[T]he alleged dissimilarities in Thompson's description of the gunman and the defendant's claimed appearance do not necessarily mandate a finding that Thompson's identification testimony was incredible." *Id.*

In the present case, there was no evidence submitted which conflicted with the Victim's testimony. Evidence of the cell phone record was inconclusive, as was

---

[1] The *Bright* conviction was eventually reversed because of certain exculpatory information that was withheld from the defense. *State v. Bright,* 02-2793, 03-2796 (La. 5/25/04), 875 So.2d 37.

identification of the driver and owner of the silver Dodge Stratus used in the robbery. The trial court's determination of the credibility of the witness was a matter of the weight of the evidence, not the sufficiency, and this court will not second-guess a trial court's credibility determinations. The State met its burden of proof and, taken in the light most favorable to the prosecution, the trial court's decision to convict Defendant of carjacking and armed robbery was reasonable. Accordingly, we find no merit to this assignment of error.

**ASSIGNMENT OF ERROR NUMBER TWO:**

Defendant next assigns as error the denial of his motion to suppress the Victim's identification. He asserts that the process of the photographic lineup was suggestive, and he argues there was a high likelihood of misidentification caused by the suggestiveness of the lineup.

> The defendant has the burden of proof on a motion to suppress an out-of-court identification. La.Code Crim. Proc. art. 703D. To suppress an identification, the defendant must first prove that the identification procedure was suggestive. *State v. Prudholm,* 446 So.2d 729 (La.1984). An identification procedure is suggestive if, during the procedure, the witness' attention is unduly focused on the defendant. *State v. Robinson*, 386 So.2d 1374, 1377 (La.1980). However, even when suggestiveness of the identification process is proved by the defendant or presumed by the court, the defendant must also show that there was a substantial likelihood of misidentification as a result of the identification procedure. *State v. Prudholm, supra*.

> In *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the Court held that an identification may be permissible, despite the existence of a suggestive pretrial identification, if there does not exist a "very substantial likelihood of irreparable misidentification" The factors which courts must examine to determine, from the totality of the circumstances, whether the suggestiveness presents a substantial likelihood of misidentification include (1) the witness' opportunity to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated at the confrontation; and (5) the time between the crime and the confrontation. *Id.* at 114, 97 S.Ct. 2243.

5

*State v. Broadway,* 96-2659, p. 14 (La. 10/19/99), 753 So.2d 801, 812, *cert. denied,* 529 U.S. 1056, 120 S.Ct. 1562 (2000). An appellate court, when determining whether the identification presented a substantial likelihood of misidentification, may consider evidence given at trial. *State v. McCray,* 07-143 (La.App. 5 Cir. 7/30/07), 966 So.2d 616, *writ denied,* 07-1826 (La. 2/1/08), 976 So.2d 715.

At the suppression hearing, Officer Dowell Brenn testified that Defendant was developed as a suspect in this case because of his possible involvement in a similar case. Defendant's fingerprints were found in an abandoned vehicle which had been reported missing, along with its owner, in nearby St. James Parish. A photographic lineup was prepared with Defendant's picture, and Officer Brenn took the lineup to the Victim's home. The Victim sat in his living room while the officer put the lineup on the coffee table face down. When the photos were turned over, the Victim immediately pointed to Defendant's picture and said, "I knew I'd see him again. That's him right there." Officer Brenn stated that he did nothing or said nothing that would have suggested one of the photographs was the suspect in the case.

The Victim also testified at the suppression hearing. His testimony essentially corroborated the officer's testimony. He said that he did not see any pictures of Defendant prior to the lineup. He stated that when the officer turned the lineup over, "I went right to him." When asked why, he stated: "I couldn't forget his face from that night." While the Victim testified that he looked at Defendant only briefly during the robbery, he stated that he had seen him "face to face" when the car door was first opened. Following the hearing the trial court found that there was nothing presented which indicated the photographs used for the lineup were unduly suggestive.

> A lineup is unduly suggestive if the procedure used focuses attention on the defendant. For example, distinguishing marks on the

6

photos may single out the accused, or suggestiveness can arise if sufficient resemblance of physical characteristics and features does not reasonably test identification. *State v. Tucker,* 591 So.2d 1208, 1213 (La.App. 2d Cir. 1991) *writ denied,* 594 So.2d 1317 (La.1992), citing *State v. Robinson*, 386 So.2d 1374 (La.1980).

Photographs used in a lineup are suggestive if they display the defendant so singularly that the witness's attention is unduly focused on the defendant. *State v. Smith,* 430 So.2d 31 (La.1983); *State v. Tucker*, *supra.* It is not required that each person whose photograph is used in the lineup have the exact physical characteristics as the defendant. What is required is a sufficient resemblance to reasonably test the identification. *State v. Smith, supra; State v. Davis* [27,961 (La.App. 2d Cir. 4/8/96), 672 So.2d 428, *writ denied,* 97-383 (La. 10/31/97), 703 So.2d 12].

*State v. Stokes*, 36,212, pp. 13-14 (La.App. 2 Cir. 9/18/02), 828 So.2d 631, 639, *writ denied*, 02-2807 (La. 9/5/03), 852 So.2d 1023.

Defendant does not suggest there was anything about his photograph that stood out or would have attracted the Victim's attention. Our review of the photographic lineup shows six young, black men of similar age, skin tone, and hair style, all with small moustaches and white shirts. At trial, defense counsel cross-examined the Victim extensively regarding the six photographs, reviewing all the various characteristics of the men, and nothing was presented that indicated Defendant's picture could have unreasonably attracted attention.

We find no error in the trial court's ruling and, therefore, no merit to this assignment of error.

**ASSIGNMENT OF ERROR NUMBER THREE:**

Defendant next argues that a new trial was warranted based on newly discovered evidence. The newly discovered evidence consisted of Defendant's cell phone records obtained by the State in the carjacking and kidnaping case from St. James Parish. Defendant argues that the evidence was exculpatory in nature and that

7

the State committed a *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194 (1963), violation by failing to disclose the records.

Louisiana Code of Criminal Procedure Article 851 provides, in pertinent part:

> The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.

> The court, on motion of the defendant, shall grant a new trial whenever:

> . . . .

> (3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty.

In *State v. Cavalier,* 96-3052, 97-103, p. 3 (La. 10/31/97), 701 So.2d 949, 951, the court explained:

> A defendant seeking a new trial based on newly discovered evidence must establish four elements: (1) that the new evidence was discovered after trial; (2) that failure to discover the evidence before trial was not attributable to his lack of diligence; (3) that the evidence is material to the issues at the trial; and (4) that the evidence is of such a nature that it would probably produce a different verdict in the event of retrial. *State v. Hammons,* 597 So.2d 990, 994 (La.1992); *State v. Knapper,* 555 So.2d 1335, 1339 (La.1990); *State v. Prudholm,* 446 So.2d 729, 735 (La.1984). In ruling on the motion, "[t]he trial judge's duty is not to weigh the evidence as though he were a jury determining guilt or innocence, rather his duty is the narrow one of ascertaining whether there is new material fit for a new jury's judgment." *Prudholm,* 446 So.2d at 736.

After a hearing on the motion for a new trial, the trial court determined that the requested phone records could not be used to impeach. The trial court denied the motion because it found the phone records were not newly discovered evidence and did not constitute *Brady* material. Furthermore, Defendant had the burden of proving

8

that the evidence was material to the issues at trial and that the evidence was of such a nature that it would probably produce a different verdict in the event of retrial. Defendant failed to meet this burden of proof.

The trial court did not err in the denial of Defendant's motion for a new trial.

**ERRORS PATENT:**

At the time of the commission of the armed robbery offense, La.R.S. 14:64.3(A) provided in pertinent part:

> When the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:64.

The trial court sentenced Defendant on the armed robbery conviction to fifty years at hard labor without benefit of probation, parole, or suspension of sentence. The court did not comply with the enhanced penalty provision of La.R.S. 14:64.3. This court addressed a similar error patent in *State v. McGinnis*, 07-1419 (La.App. 3 Cir. 4/30/08), 981 So.2d 881, explaining:

> The trial court did not specify what portion, if any, of the Defendant's habitual offender fifty-year hard labor sentence, imposed for the conviction of armed robbery with use of a firearm, included the enhanced penalty of La.R.S. 14:64.3. At the habitual offender proceeding, the trial court sentenced the Defendant in pertinent part: "And I do find you guilty of being a second felony offender, and I sentence you to fifty years at hard labor."
>
> . . . .
>
> In *State v. White*, 42,725 (La.App. 2 Cir. 10/24/07), 968 So.2d 901, the defendant was convicted of two counts of armed robbery with a firearm, and sentenced to thirty years at hard labor without benefit of parole, probation, or suspension of sentence on each count to run concurrently. On error patent review, the court noted that the trial court did not specify what portion, if any, of the defendant's thirty-five year hard labor sentence without benefits was imposed under La.R.S.

9

14:64.3. The court found that the absence of a specification that the defendant's sentences included a term under La.R.S. 14:64.3, rendered the defendant's sentence indeterminate. Therefore, the court vacated the sentences and remanded for resentencing according to law for clarification of whether the defendant's sentences included any additional punishment under La.R.S. 14:64.3.

This court finds that the absence of a specification that the Defendant's habitual offender sentence included an enhanced term of imprisonment under La.R.S. 14:64.3 renders this sentence indeterminate. Therefore, this court hereby vacates the habitual offender sentence and remands for resentencing in accordance with La.R.S. 15:529.1 and 14:64.3. The trial court should clearly set forth the portion of the sentence enhanced under La.R.S. 14:64.3. Additionally, the court instructs the trial court that the portion of the sentence enhanced under La.R.S. 14:64.3 is not to be served at hard labor. *See State v. Wardsworth*, 04-1572 (La.App. 3 Cir. 5/25/05), 904 So.2d 65.

In this case, the trial court failed to specify that Defendant's sentence includes an enhanced term of imprisonment under La.R.S. 14:64.3, rendering this sentence indeterminate. Therefore, this court must vacate the sentence and remand for resentencing in accordance with La.R.S. 14:64 and 14:64.3. The trial court should clearly set forth the portion of the sentence enhanced under La.R.S. 14:64.3. Additionally, this court instructs the trial court that the portion of the sentence enhanced under La.R.S. 14:64.3 is not to be served at hard labor. *See State v. Wardsworth*, 04-1572 (La.App. 3 Cir. 5/25/05), 904 So.2d 65.

Because we vacate the sentence on patent error, we decline to address Defendant's arguments regarding the alleged excessiveness of the fifty-year sentence.

**DECREE**

Finding no other error patent on the face of the record, we affirm Defendant's convictions and the ten-year carjacking sentence. However, we hereby vacate the fifty-year sentence imposed on the conviction for armed robbery and armed robbery with the use of a firearm and remand for resentencing in accordance with La.R.S.

14:64 and 14:64.3.  The trial court must clearly set forth the portion of the sentence enhanced under La.R.S. 14:64.3, and the portion of the sentence enhanced under La.R.S. 14:64.3 is not to be served at hard labor.

**CONVICTIONS AFFIRMED; SENTENCE VACATED; REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Rule 2-16.3, Uniform Rules, Courts of Appeal.